## ELLIOTT vs. THE STATE.

1. An indictment which, upon its face, charges several defendants for several offences committed by them independently of each other, (some of which were committed by some of the defendants at one time, and some by others of the defendants at a different time,) is fatally defective.

2. If an indictment is unobjectionable on its face, no conviction under it can be had on proof of facts which, if stated in the indictment, would make it fatally defective, and enable the defendants, after conviction, to arrest or reverse the judgment.

3. Therefore, if A and B are jointly indicted and tried for gaming, and the evidence shows that A and others played at one time when B was not present, and that B and others played at another time when A was not present, no conviction can be had against them.

APPEAL from the Circuit Court of Limestone.
Tried before the Hon. JOHN E. MOORE.

INDICTMENT for gaming against Colley C. Elliott, David Elliott, Thomas Owen, and Gaines Smith, of whom the first two only were taken, and tried jointly on the plea of not guilty. It appears from the bill of exceptions, that "the State introduced as a witness one John G. Russell, who testified, that he saw the defendant David Elliott play at cards in August, 1853, in a room of a tavern kept at a public watering-place in said county ; that the other defendant on trial was not engaged in the game, and in fact was not at the watering-place at that time. The State then introduced one William Hamilton as a witness, who testified, that he saw the same

playing by the said David Elliott testified to by the witness Russell ; that on another occasion he and defendant Colley C. Elliott, with one or two other friends, went to the same tavern, and called for a private room for the night, and were shown into a different room from the one in which the other playing took place ; that they went in, and locked the door, and engaged in a game of cards-in which the said Colley C. Elliott participated; but on this occasion defendant David Elliott was not of the party, and was not at the watering-place at that time. The witness Russell had never seen Colley C. Elliott play at that tavern. The State then introduced as a witness one Henry M. Stanley, whose testimony was substantially the same as that of the witness Hamilton, except that he stated that said playings were near a month apart. The defendants introduced no evidence, and this was all on the part of the State.

"Upon this evidence, the defendants requested the court to charge the jury, that both defendants could not be convicted, unless there was proof of a playing at the same time and place. This charge the court refused to give, but charged the jury, that if it was proved to their satisfaction that the defendants played, as charged in the indictment, at a tavern, though they may not have played on the same day, nor together, and though there may have been no community of design between them, nor any connection between their playing, yet each defendant might be found guilty under the indictment ; to which charge, as well as to the refusal to charge as requested, the defendants excepted."

The defendants also requested the court to charge, "that if the evidence showed that they played in a room in a tavern-house, which they had rented for the night, under lock and key, having called for it as a private room, they could not be convicted as for playing at a tavern"; which charge the court refused, and the defendants excepted to the refusal.

These rulings of the court are now assigned for error.

ROBINSON & JONES, for plaintiff in error :

If the charge of the court can be sustained, you may convict A and B under the same indictment for gaming, when the former played in Mobile in January, and the latter in

Huntsville in March ; or you may convict them for a joint assault and battery upon C, when A beat him in Mobile in January, and B in Huntsville in March. The statement of the position shows its fallacy.—1 Archb. Crim. Pl. 97, and n. (2).

M. A. BALDWIN, Attorney General, *contra*, cited the following authorities : 2 Hale's P. C. 174 ; 1 Chitty's Criminal Law, pp. 254, 255, 270, 271 ; 5 Bac. Abr. 84 ; 8 Wend. 211; 8 East 46 ; 1 Blackf. 431 ; 7 Serg. & R. 476.

RICE, J.—The general rule as to the joinder of defendants, as laid down in works of good authority, is, that where the same evidence, as to the act. which constitutes the crime, applies to two or more, they may be jointly indicted.—Commonwealth v. Elwell, 2 Met. 190. If the offence arise out of the same act, though the parties stand in different relations, they may be joined. If several be engaged in the commission of the same offence, though each may act a different part in the commission of that offence, they may be joined. 1 Waterman's Archb. Cr. Pl. 96 ; Wharton's American Cr. Law 110.

In Waterman's Archb. Cr. Pl. 97, the statute of 14 and 15 Vict., c. 100, § 15, is quoted, which enacts, that any number of accessories to a felony, or receivers of stolen property, may be charged with substantive felonies in the same indictment. In reference to that statute, and immediately after quoting it, the following statement is made : " But this is the only case, in which several persons can be joined in the same indictment, for several offences committed by them independently of each other."

We have no statute similar to that of 14 and 15 Vic. above referred to. We are, therefore, clear in the opinion, that an indictment would be fatally defective, if upon its face it charged several defendants for several offences committed by them independently of each other, some of which were committed by some of the defendants at one time, and some of which were committed by others of the defendants at a different time.

Where these facts do not appear upon the face of the indictment, but do appear on the trial from the evidence, the

defendants are as much entitled to the benefit and protection of the rules of law above laid down, as if the indictment had fairly stated the facts, and thus given them an opportunity to demur to it, or to move in arrest of judgment. The mere form in which an indictment may be drawn by the prosecuting attorney, ought never to be allowed to evade or destroy any substantial legal right of the defendant. However unobjectionable, on its face, an indictment may be, a conviction under it cannot lawfully result from proof of the indentical facts which would, if distinctly stated in it, vitiate the indictment, and enable the defendants, even after conviction, to arrest or reverse any judgment rendered on it against them.

The charge of the court below is not sustained by any of the cases cited by the Attorney General, and therefore we need not express our opinion as to the merits of those cases, further than to say that, if they are in conflict with our views as above expressed, we could not follow them.

For the error in the charge of the court below, its judgment is reversed, and the cause remanded.