## McLEOD *vs.* THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY.]

1. *Form of indictment.*—In an indictment against two persons for living in adultery, (Code, § 3231,) it is not necessary that the sex of the respective parties should be averred.

2. *Relevancy of evidence showing acts of familiarity prior to time covered by indictment.*—Although a conviction cannot be had under an indictment for living in adultery, on proof of acts which occurred more than twelve months before the finding of the indictment; yet evidence of such acts is admissible for the prosecution, in corroboration of other evidence tending to show an adulterous intercourse between the parties within the period covered by the indictment.

3. *Form of judgment on confession.*—Where two persons are jointly indicted, tried and convicted, and their common surety confesses judgment on the conviction, a separate judgment should be rendered against each, with his surety, for the amount of the fine and costs.

4. *Judgment corrected and affirmed.*—An error in the form of a judgment, which may be corrected by the record, will be considered a mere clerical misprision, and amended in the appellate court without a remandment of the cause.

FROM the Circuit Court of Barbour.

Tried before the Hon. S. D. HALE.

THE indictment in this case charged, " that Daniel McLeod and Delany Waters, *alias* Lany Waters, did live together in a state of adultery or fornication." The prisoners each demurred to the indictment, because it failed

to aver the sex of the parties; and, their demurrers being overruled, were jointly tried on issue joined on the plea of not guilty. "On the trial, the State examined one Brewer as a witness, who testified, that within twelve months before the finding of the indictment, and in said county, he saw said Daniel McLeod and Delany Waters in bed together, and in the act of illicit intercourse together, at the house of said McLeod; that the bed in which they were lying was within a few feet of the bed in which said McLeod's wife was lying at the time, and in the same room in which said McLeod's children were sleeping; that he was employed by said McLeod to work, and slept in an adjoining room; that he peeped through a crack in the partition between the two rooms, and thus saw the act of illicit intercourse between the said parties, and saw them thus engaged more than once during the night. It was proved, also, that said Delany Waters lived in the house of said McLeod and his family at the time of said alleged illicit intercourse, and for some years before and after that time; that she worked in the field regularly, and performed various kinds of labor in the field and about the house for a livelihood, and had no other means of support. Said Brewer further testified, that he had a difficulty and a fight with said McLeod shortly after the time when said alleged acts of illicit intercourse took place, and was unfriendly with him. No other witness testified to any act of illicit intercourse or improper familiarity within twelve months before the finding of the indictment, or to any act or circumstance occurring within that period, which tended to establish the guilt of the defendants; but one Kilpatrick, a witness for the State, testified to acts of familiarity between the defendants prior to said twelve months; and the State also examined one Williams as a witness, for the purpose of proving such prior acts of familiarity, and for no other purpose. The defendants objected to the testimony of each of these witnesses; but the court overruled their objections, and they excepted. This being all the evidence in the case, the defendants asked the court to instruct the jury, 'that they could only look to the testimony of the

witnesses Kilpatrick and Williams to explain circumstances which were well proved, but of doubtful signification, and not to sustain the credibility of the witness Brewer;' which charge the court refused to give, and the defendants excepted."

The prisoners moved in arrest of judgment, after conviction, on account of the alleged insufficiency of the indictment in failing to aver the sex of either one of them; but the court overruled their motion, and rendered judgment against them as follows: "Thereupon the defendants each come into open court, and bring with them Whitfield Clark, who confesses judgment for both fines and costs. It is therefore considered by the court, that the defendants are guilty of adultery, and that the State of Alabama, for the use of Barbour county, recover of each of said defendants and Whitfield Clark both of said fines so assessed, and also the costs of this prosecution, for which execution' may issue."

J. BUFORD, and E. C. BULLOCK, for the prisoners.

M. A. BALDWIN, Attorney-General, *contra*.

STONE, J.—In the case of The State v. Glaze, 9 Ala. 283, the indictment charged, "that Thomas Glaze and Cynthia Gage, * * did live together in adultery." The indictment was held sufficient by this court. The statute under which the conviction in the case of Glaze was had, is in substance re-enacted in the Code.—Clay's Dig. 431, § 3; Code, § 3231. This re-enactment of the statute must be regarded as a legislative adoption of the construction placed on it.—Anthony v. The State, 29 Ala. 27. The indictment in the case of Glaze not averring the sex of the defendants, the present indictment must be held sufficient.—Hinton's case, 6 Ala. 864; Lawson's case, 20 Ala. 65.

[2.] The testimony of the witnesses Kilpatrick and Williams, who proved acts of familiarity dating anterior to the time covered by the indictment, was not improper. Nor did the court err in refusing to give the charge asked; by the defendants on this testimony. While it is conceded,

that a conviction cannot be had for an adulterous intercourse, which took place more than twelve months before the commencement of the prosecution; still, testimony tending to establish such intercourse is admissible, in corroboration of the other evidence, which tended to show a living together in adultery within the twelve months. Such testimony, when adduced, tends to strengthen the evidence of the act specifically charged, and is not confined in its operation, as the charge asked supposes.

In the case of the Commonwealth v. Meriam, 14 Pick. 518, such testimony was received, in support of another witness, whose credibility had been somewhat attacked. See, also, Lawson v. The State, 20 Ala. 65; State v. Wallace, 9 N. H. 515.

[3.] In entering up the confessed judgment, the court committed an error. Whitfield Clark confessed a judgment, as the surety of each defendant, for each fine, and costs. The fines were assessed separately, and the record furnishes no authority for fastening the liability of one of the defendants on the other. Clark is the surety of both; but they, the defendants, do not appear to be sureties for each other. The judgments should have been separate; that is, against Daniel McLeod and Whitfield Clark, his surety, for one hundred dollars, and costs; and against Delany Waters and Whitfield Clark, her surety, for the other fine of one hundred dollars, and costs.

[4.] The judgment of the circuit court is reversed, and here rendered in accordance with this opinion.—Pike v. Bright, 29 Ala. 332; Witherington v. Brantley, 18 Ala. 197; Drane v. King, 21 Ala. 556; Savage v. Walshe, 26 Ala. 619.

Reversed and rendered, at the costs of the appellant.