## JOHNSON *vs.* THE STATE.

[INDICTMENT FOR DISTILLING VINOUS OR SPIRITUOUS LIQUORS WITHOUT LICENSE.]

1. *Indictment; when defective.*—An indictment which charges that the defendant "did distill vinous or spirituous liquors without license and contrary to law," fails to allege a violation of the revenue act of 1868, requiring a license for engaging in or carrying on certain occupations.
2. *Occupation or vocation; what necessary to constitute.*—To constitute occupation or vocation, some time during which it is prosecuted is a necessary ingredient.  It need not be protracted, but must not be momentary.  The intention of the party must govern, and this must be ascertained by the jury.
3. *Indictment jointly for same offense; when no conviction can be had under.* Where two persons are jointly indicted for the same offense, if the proof shows the commission of ·the offense severally, by each, there can be no conviction of either or both.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The indictment in this case charged, " that before the ·finding of this indictment Thomas Crew, and Turner Johnson, did distill vinous or spirituous liquors without license and contrary to law, " against the peace," &c.

Section 111 of revenue act of 1868, is as follows;

"Sec. 111. Be it further enacted, that any person, who, after the third Monday in March, in 1869, shall be engaged in, or carry on any business or profession, or do any act, for the doing, prosecuting or carrying on of which, a license is by law required to be taken out, without having paid for and taken out such license, shall be deemed guilty of a misdemeanor, and shall be fined three times the amount of such license, and may be confined in the county jail not exceeding one year, at the discretion of the court." By sub-division 7 of section 112 of the same act, a license of $25 is required for distillers of spirituous liquors.

On the trial, the defendants demurred to the indictment: 1st, because it fails to charge that the defendants carried on or were engaged in the business or vocation of distilling; 2d, that it fails to charge that the defendants were distilling as an employment; 3d, that it fails to charge that the distilling was done since the 3d Monday in March, 1869; 4th, that it fails to charge any offense against the laws of the State. The demurrer was overruled, and defendants excepted.

The defendants then pleaded "not guilty," and the case was put to the jury. The State then proved, that in August, 1869, in said county of Barbour, the defendant, Johnson, distilled some peaches sent to the still at the instance of defendant, for which Johnson received one-third of the brandy and $2 per day while engaged in distilling the same. The "still" used was an old one, "long disused," and at the time the distilling was done, Johnson, who was a farmer, had laid by his crop. As soon as cotton-picking time came, he ceased distilling and went to work on his crop. The time Johnson was engaged in distilling was five days. Johnson was engaged in the business of farming during the whole of the year 1869, and the distilling occurred when there was no farm work to be done. The "still" used was an old one, which had been on the land for several years; it was not repaired by defendants, or in any manner used by them except in the five days mentioned. This was all the evidence.

The defendants requested the following charges, in writing: 1. "That unless the evidence satisfies the jury that

the defendants, Johnson and Thomas Crew, engaged jointly in the business, or jointly carried on the business of distilling, without having taken out and paid for a license, then the defendant Johnson can not be convicted;" 2. "That unless the evidence satisfies the jury, beyond a reasonable doubt, that the defendant Johnson carried on the business, or engaged in the business of a distiller, without first having taken out and paid for a license, then the defendant, Johnson, can not be convicted;" 3d. "That if the proof shows the distilling in one instance, or in two or three instances only, unless it shall amount to engaging in or carrying on the business of a distiller, then the defendant, Johnson, can not be convicted." The court gave the second and third charges, and refused to give the first charge. To the refusal to give the first charge, defendant excepted. The jury found a verdict of not guilty as to the defendant Crew, and of guilty as to the defendant Johnson.

The errors assigned are—overruling the demurrer to the indictment; refusing to give the first charge asked.

JOHN A. FOSTER, and SEALS & WOOD, for appellant.
JOSHUA MORSE, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The indictment charged that the defendant " did distill vinous or spirituous liquors without license, and contrary to law." The offense is, engaging in, or carrying on, a business for which a license is required, without first obtaining the license.—Acts 1868, p. 330, § 111. When a new offense, unknown to the common law, is created by statute, its constituents, if specified in the act, must be embodied in the charge.—*Eubanks v. The State*, 17 Ala. 181. The indictment failed to charge an offense.

The second and third charges asked by the defendant, and given, correctly express the law of the case. A distiller is one whose occupation is to extract spirit by distillation.—(Web. Dic.) To constitute occupation some time is a necessary ingredient. It need not be protracted, but must not be momentary. The intention must govern, and must be ascertained by the jury. If the profit is the inducement, a very little time will suffice,

It was not necessary to prove both of the defendants guilty in order to convict one, but as they were jointly indicted, if the proof had shown only the commission, by each, of a separate offense, a verdict could not have been rendered against either, or both.—*Elliott v. The State*, 26 Ala. 78. The charge refused was irrelevant, as no testimony was introduced tending to implicate the defendant Crew.

The judgment is reversed and the cause remanded.