| 48 | 169 |
| 137 | 93 |

## LINDSEY ET AL. *vs.* THE STATE.

[INDICTMENT FOR CARD PLAYING, &C.]

*Variance between indictment and proof.*—An indictment charging three persons jointly with playing at *a game of cards*, at a public place, &c., in the form given in the Revised Code, (p. 810, form 27,) is not supported by evidence that two of the defendants played together at the game, at a public place, and that the other defendant played at a game of cards at the same time and place, with persons not indicted—the two games being separate and distinct, and at different tables, and having no connection with each other. Only those persons who participated in the same game should be joined in one indictment.

APPEAL from the Circuit Court of Coffee.
Tried before Hon. J. McCALEB WILEY.

The opinion states the case.

ROBERTS, and SEALS & WOOD, for appellants.
JNO. W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—Arch Lindsey and several others were prosecuted by indictment in the circuit court of the county of Coffee, at the spring term thereof, in 1871. The indictment is in the form prescribed in the Revised Code against "card playing at a public place."—Rev. Code, § 3620; *ib.* p. 810, No. 27. The defendants, in the court below, were tried by a jury on the plea of not guilty, and convicted, and fined in the sum of twenty dollars each; for which judgment was entered, and for costs. The parties found guilty were Archibald Lindsey, Alison Jeffcoat and Peter Harrison. There was a bill of exception taken on the trial, from which it appeared that Lindsey and Harrison, and one Lillis, played at a game of cards in the back-room of a store-house in said county of Coffee, where spirituous liquors were retailed, within twelve months before the find-

11

ing of the indictment. It was also shown that at the same time and place, and in the same room, Jeffcoat and Eiland played at a game of cards, but at a different and another table. These two games were played at the same time, but by different persons, and at different tables, and had no connection with each other. The persons who played at one game took no part with the persons who played at the other game. Each played at independent games. This was in substance all the evidence; and it was received without objection.

On this evidence the court gave two charges, which were excepted to by the defendants. They were as follows:

"1st. That if the defendants played at a game of cards in the back-room of a house where spirituous liquors were retailed or given away, within twelve months before the finding of the indictment in this case, in Coffee county, Alabama, then they were guilty of playing at a public place."

"2d. That if defendants played cards in the back-room of a house where spirituous liquors were retailed within twelve months before the finding of this indictment, and in Coffee county, Alabama, then they are guilty, notwithstanding they may have played at different games, but not together, provided they were all playing at the same time and in the same room."

The charge made in the indictment is a single offense. The defendants are alleged all to have played "at a game of cards." They all participated in the same act, which was forbidden by law. This is the purport of the indictment; and it follows the language of the statute.—Rev. Code, § 3620. A public offense is an act forbidden by law, and punishable as prescribed in the Code or by the statutes.—Rev. Code, § 3540. An indictment is an accusation in writing, presented by the grand jury of the county, charging a person with an indictable offense.—Rev. Code, § 4109. All the persons charged must participate in the same act denounced as an offense, to render them guilty; and the guilt must be proved as charged.—Shep. Dig. p.

56, *Variance.* Here, there was but one act charged—but one playing. Yet the proof showed two acts—two play-ings. These were each the subject of an indictment. And the evidence which would establish the one act could not establish the other. It would necessarily be variant. And although not objected to on this account, as it might have been, its legal force could not be extended by the charge of the court, beyond its legitimate effect. This, however, is the effect of the second charge above quoted. This charge was improper. There should have been two indict-ments, as there were two distinct offenses, in which the same persons did not participate.

It is not necessary to consider the other questions raised by the charges asked and refused. They are answered in what is said above.

The judgment of the court below is reversed and the cause is remanded for a new trial. In the mean time said defendants will not be discharged, except by due course of law.