# Coleman v. The State.

## Indictment for Murder.

1. *Judgment imposing additional hard labor for costs.*—Where two defendants are jointly indicted, tried, and convicted, and, the costs not being paid presently, are sentenced by the court to additional hard labor (Rev. Code, § 4061), it is error to impose on each defendant such an additional term of hard labor "as will pay all the costs and officers' fees" in the case, since this

would coerce double payment of the costs. The proper practice, in such case, would be to impose on each defendant such additional hard labor only as would be sufficient to satisfy *one-half* of the entire costs and fees.

2. *Same.*—In imposing additional hard labor to cover costs and fees under this statute, the court should determine, and specify in its judgment before the adjournment of the term, the number of days of the additional sentence.

From the Circuit Court of Wilcox.

Tried before the Hon. John K. Henry.

The defendants in this case, Anthony Coleman and Harriet Coleman, were jointly indicted and tried for the murder of Robert Hall, *alias* Robert Thigpen; and were convicted of manslaughter in the first degree. After judgment had been rendered against them in accordance with the verdict of the jury, sentencing the former to hard labor for the county for a term of eight years, and the latter for a term of two years, they were again brought before the court, on a subsequent day of the term, and were severally sentenced to an additional term of hard labor to cover the costs. This additional sentence, to which the defendants severally excepted, is the only matter now complained of as error.

S. J. Cumming, for the defendants.—At common law, in criminal cases, the king neither received nor paid costs. 1 Chitty's Crim. Law, 825; 1 Archb. Crim. Pl. and Pr. (6th ed.) 186, note. The same rule prevails in the United States, except as regulated by statute.—*Fox v. Whitney*, 33 N. H. 516. In a joint indictment against two or more, one defendant is not liable for the other's costs.—*Dent & Magruder v. The State*, 42 Ala. 514; *State v. McO'Blenis*, 21 Mo. 274; *Brown v. State*, 7 Eng. Ark. 623. The effect of the judgment in this case is to coerce a two-fold satisfaction of the costs, since each is sentenced to work out all the costs; which is manifestly unjust, and erroneous. The judgment is also erroneous for the further reason, that it does not specify the term for which additional hard labor is imposed. How is this term to be fixed, and by whom? And what is the defendants' remedy if it is improperly determined? It is insisted, moreover, that the statute under which this additional sentence was imposed (Rev. Code, § 4061), does not apply when the punishment is imposed by the jury in their verdict. By the act approved March 7th, 1876 (Sess. Acts ·1875–6, p. 287), when the punishment is for more than two years, the court cannot sentence to hard labor, but must sentence to the penitentiary. Not having the power to sentence to the punishment of hard labor, how can it impose additional hard labor for costs? See *Morgan v. The State*, 47 Ala. 34; *Williams v. The State*, at the present term.

[Coleman v. The State.]

JOHN W. A. SANFORD, Attorney-General, for the State.— Whenever there is a judgment and sentence to hard labor, if the costs are not presently paid, the court may impose additional hard labor to cover the costs and officers' fees.—Rev. Code, § 4061. It is immaterial whether the punishment be fixed by the court, or by the jury; the sentence to hard labor is the basis of the additional sentence. The sentence is not indefinite, for the period can be ascertained by a simple calculation; and that is certain which can be made certain. When two or more are jointly indicted and tried, each is liable for all the costs incurred.

MANNING, J.—Appellants were found guilty of manslaughter by the jury, who also awarded eight years of hard labor for the county by defendant Anthony, as his punishment, and two years of hard labor for the county by defendant Harriet, as her punishment; and the court passed judgment upon each of them accordingly. A few days afterwards, they were severally brought before the court again, and, "failing to pay the costs of the prosecution, or confess judgment for the same," the court, under section 4061 of the Revised Code, in separate judgments, ordered that each severally should "perform had labor for the county, for such time, in addition to the time fixed by the jury, as will pay all the costs and officers' fees, at eighteen cents per day;" to which orders of the court, appellants, by their counsel, severally excepted.

The effect of these orders, as the indictment and prosecution were against both defendants jointly, was to require that the two should serve long enough to pay by their work twice the entire amount of costs and officers' fees; and as Harriet's term of service, as a penalty for their common crime, was two years only, while Anthony's term was eight years, it would fall upon Harriet to work out all the costs and officers' fees first, and six years afterwards it would devolve on Anthony to do the same. Manifestly, therefore, there is error in these portions of the judgments of the Circuit Court.

But how should they have been rendered? Section 4061 of the Revised Code is as follows: "If, on conviction before the County, Circuit, or City Court, judgment is rendered against the accused, that he perform hard labor for the county, and if the costs are not presently paid, then the court may impose additional hard labor for the county, for a term sufficient to cover all costs and officers' fees, allowing not exceeding forty cents *per diem* for the additional labor imposed." This contemplates a case in which there is only one defendant. How shall it be adapted to a case in which

there are two? Each one is separately liable for the total costs incurred for their joint offense; and it would not be unjust to make either pay the whole in money. Of course, though, the two cannot be made to pay them twice. And as the enactment should be so administered as to effect its object without undue imposition on either,—*in favorem libertatis*, we are of opinion, that the additional term, to which each should be subjected, ought to be so long only as would pay one-half the costs and fees. From this service, though, there should be no discharge, until the expiration of the term, or the payment of all the costs, or of all with which they were respectively chargeable.

2. We are furthermore of opinion, that the duration of this additional service should be ascertained and fixed by the court, before it adjourns. If there be error in the subsequent taxation of the costs and fees, it cannot be corrected before the next term of the court, generally about six months afterwards; and in the meantime, a defendant may be illegally restrained of his liberty. Moreover, there should be a time judicially fixed, during which defendant may be held a prisoner, so that, if he be kept longer in custody, his enlargement may be promptly obtained by the writ of *habeas corpus;* else, the judge to whom the application for this writ may be made, will be called upon to decide what it was within the province and duty of the court before which the trial was had to determine. The costs and fees should, therefore, be taxed (difficult though this may sometimes be), and the additional term of labor be imposed, before the court adjourns. Better, in such a case, that this cumulative service required of a convict, be for a less period than that which would exactly satisfy the law, than a longer one.

The crime of which appellants are convicted, was committed before the passage of the act of March 7, 1876, which requires that all persons punishable with hard labor for the county, for a term exceeding two years, under the laws previously existing, shall be imprisoned during the same period in the penitentiary. This statute, therefore, is not applicable to the present case.

The judgment of the Circuit Court, sentencing the appellants to hard labor for the county, one of them for eight years, and the other for two years, is affirmed; but the orders of the court, imposing additional terms of hard labor for the costs and officers' fees, are reversed, and the cause remanded, that the proper orders may be made by the Circuit Court in their stead.