# McGehee *v.* The State.

## *Indictment for Trespass.*

1. *Indictment against two defendants; variance; jeopardy.*—If an indictment charges that two defendants committed one and the same offense, at the same time, they can not be convicted on proof showing that each committed the offense charged, at different times. And when this is developed by evidence on the trial, each defendant has been placed in legal jeopardy on the charge laid in the indictment, and is entitled to a verdict of acquittal of that offense.

2. *Nolle prosequi; when not authorized; reversal.*—The provisions of section 4187 of the Code of 1876, do not, in such cases, authorize a *nol. pros.* as to one of the defendants, so that the case may proceed against the other. If a *nol. pros.* be so entered against the objection of the remaining defendant, who is convicted, the conviction will be reversed.

APPEAL from the Circuit Court of Coffee.

Tried before Hon. H. D. CLAYTON.

The appellants, Ed. McGehee and Tod Hutchinson, were charged with "wilfully and maliciously committing a trespass on the lands of one John S. Wilson, by severing from the freehold produce thereof, to-wit: six water-melons, under such circumstances as would render the trespass a larceny, if the six water-melons so severed and carried away had been personal property," &c.

The evidence produced on the trial was, that "some time in October, 1876, Ed. McGehee went into prosecutor's field and pulled a water-melon from the vine and ate it in the field." That "on another day subsequent to the time mentioned, the other defendant, Tod Hutchinson, went into the same field and pulled another water-melon, and ate it in the field."

The solicitor was then allowed to enter a *nolle prosequi* as to Tod Hutchinson, to which the other defendant excepted. The court, at request of solicitor in writing, charged the jury that "if they believed the evidence, they must find the defendant, Ed. McGehee, guilty," to which said defendant excepted, and asked the court to give the following charge: "That if the jury believed, from the evidence, that the offenses committed by the defendants were separate and distinct, and if both of the defendants did not participate in one offense, then they must acquit," which the court refused to give, whereupon the defendant now appeals to this court.

J. E. P. FLOURNOY, for appellant.—1. There was a mis-

[McGehee v. The State.]

joinder of offenses in the indictment, and a misjoinder of parties defendant—*Elliott v. The State*, 26 Ala. 78 ; *Lindsay et al. v. The State*, 48 Ala. 169. If the facts of the offenses had been stated in the indictment, it would have been demurrable.—*Elliott v. State, supra.*

2. Allowing the *nol. pros.* to one of the defendants, was equivalent, under the circumstances, to an amendment of the indictment, and was error. The defendants were both entitled to a jury and verdicts.

3. If the Supreme Court reverses it will not remand, but will render proper judgment, discharging the defendants.—51 Ala. 387.

JOHN W. A. SANFORD, Attorney-General, *contra.*

STONE, J.—If it had been averred in this indictment that the two defendants had committed separate and distinct offenses, at different times—neither being present or participating in the offense of the other—a demurrer to the indictment would have lain, notwithstanding the two offenses charged are identical in character. This, on the well defined ground, that on such trial, it would be necessary to offer proof of two independent transactions ; thus producing inextricable confusion of the minds of the jurors.—*Elliot v. The State*, 26 Ala. 78 ; *Lindsey v. The State*, 48 Ala. 169.

On like principles, if two offenders be charged in one indictment, which is faultless in form, and it be developed in the evidence that the two defendants committed their several offenses at different times or places—in other words, that they are not guilty of one and the same offense—the proof does not sustain the indictment. Only those persons who participate in the same offense should be joined in one indictment.—*Lindsey v. The State, supra.*

In the present case, according to the recitals in the bill of exceptions, each defendant was equally guilty, but they did not participate in one and the same offense. This was not shown until the evidence was given to the jury. At that stage of the trial, each defendant was placed in legal jeopardy, and was entitled to have a verdict of the jury on the question of his guilt, in the absence of some statutory or legal ground, authorizing a *nolle prosequi*, or other withdrawal from the jury, that another indictment might be preferred, or continuance granted.—Code of 1876, §§ 4893–4, 4908, 4817. This case does not fall within the healing provisions of the section last cited—*The State v. Kreps*, 8 Ala. 951.

There being no statute authorizing the entry of a *nolle prosequi* to cure the defect which was developed on this trial, the

Circuit Court erred in its allowance. This ruling is decisive of the present prosecution. The defendants having been placed in jeopardy, and being entitled to a verdict of acquittal on the proof made, must be allowed the benefit of the verdict they were entitled to, and can not be again tried for the same offense.—*Henry v. The State*, 33 Ala. 389; *Ned v. The State*, 7 Por. 187; *McCauley v. The State*, 26 Ala. 135; *Ex parte Vincent*, 43 Ala. 402.

Reversed, but not remanded, and the defendants ordered to be discharged.