# Dawson *v.* Sayre.

*Mandamus on Relation of Clerk of City Court, against Pres-
ident of Board of Inspectors of Convicts, in matter of
Costs.*

1. *Judgment for costs, on joint conviction of two or more defendants.*—
When two or more persons are jointly indicted for a felony, jointly tried
and convicted, whether a joint judgment is rendered against all, or a
separate judgment against each, each is liable for the entire costs;
though but one payment can be enforced, and, in the event of unequal
payments, contribution may be recovered as between themselves.

2. *Same; apportionment of costs.*—In joint prosecutions, there may be
cases in which the court should not tax the entire costs against the de-
fendants who are convicted, including the costs of witnesses for those
who are acquitted; but, when all are convicted, and the whole costs are
adjudged against each, the clerk has no authority to apportion the costs
among them, thereby reducing the amount in each case to less than
$150, and require the president of the board of inspectors of convicts to
deliver his certified statement of the costs to the contractor to whom
the convict is assigned and delivered, and who is required to pay to the
clerk the full amount of the costs so certified, not exceeding $150 in one
case.

APPEAL from the City Court of Montgomery.

Heard before the Hon. THOS. M. ARRINGTON.

This was an application by petition, on the relation of A.
D. Sayre, clerk of the City Court of Montgomery, for a *man-
damus* to R. H. DAWSON, as president of the board of inspec-
tors of convicts, requiring him to deliver certified bills of costs,
as made out by the petitioner and approved by the presiding
judge of the City Court, to the contractor to whom the several
convicts were assigned and delivered. There were four con-
victs (Price Washington and three others), who were jointly
indicted, tried and convicted of arson in the second degree, and
sentenced to the penitentiary each for the term of five years.
The entire costs, as shown by the clerk's certificates, amounted
to $349.70; and this sum was apportioned by the clerk equally
among the four defendants, as shown by his memorandum at
the foot of each, in these words: "There were four defen-
dants, and one-fourth of the costs, or the amount of $87.42½, is
taxed against each defendant;" and each of these certificates was
approved as correct by the presiding judge of the court, as
shown by his indorsement. Dawson, as president of the board
of inspectors, refused to approve or to deliver the certificates
to the contractor, except for the reduced sum of $37.50 each,

[Dawson v. Sayre.]

or $150 in all; and hence this application for a *mandamus* to compel him. The judgment of conviction, in which the costs accrued, is not set out in the record. The City Court granted the *mandamus* as asked, and its judgment is now assigned as error.

THOS. N. McCLELLAN, Attorney-General, for the appellant.

TENNENT LOMAX, *contra.*

STONE, C. J.—The present suit arose under act No. 46, approved February 28, 1887, Acts Ala. 1886–87, pp. 186–7; amendatory of a former statute. The whole statute relates to the payment of costs by the hirer of persons convicted of penitentiary offenses. The provisions of the statute are, that " whenever a person is convicted and sentenced to the penitentiary, the clerk of the court of the county in which the conviction was had, shall forward to the president of the Board of Inspectors of convicts a certified copy of the bill of costs in the case, which said copy of the bill of costs shall be delivered to the contractor to whom said convicts is assigned, along with the written order for the delivery of said convict to him; and said contractor, to whom said contract is delivered, shall, as soon as said convict is delivered to him, pay over to the clerk of the court in which the conviction is had, the full amount of the costs of the case, exclusive of the costs of feeding the convict while in jail, but in no case more than one hundred and fifty dollars."

Four persons were jointly indicted, tried, and convicted of arson. The sentence of imprisonment in the penitentiary was the same as to each of the convicts—a term of five years. The judgments of conviction and sentence are not before us, and hence we can not determine in what form they were entered up. Nor are we sufficiently informed of the facts which transpired on the trial, to enable us to determine absolutely how the judgment for costs should have been rendered. Being indicted, tried, and convicted together, this furnishes evidence that they had jointly committed a single offense, in which they all participated. And the testimony for and against one, may have been the testimony for and against all. If such was the case, it can not be questioned that each defendant was liable to pay the whole costs, and to have a judgment rendered against him for the whole costs.—*McLeod v. State,* 35 Ala. 395. This was their liability to the State; but only one payment could be enforced. Neither the State nor the officers could claim double payment; but for one full payment the remedy was unobstructed, against all the defendants, or any one or more of

[Dawson v. Sayre.]

them. Between themselves, the defendants, if they paid un= equally, could recover contribution, one from another.

In *Coleman v. State*, 55 Ala. 173, two defendants were jointly indicted, tried and convicted of one and the same of= fense, and separate punishments imposed on each. The pun= ishment was hard labor for the county. The costs not being paid, additional punishment was imposed on each of them for the entire costs of the prosecution. This, if enforced, would have been double payment of costs. This court reversed the ruling, so far as it adjudged a double payment of costs, and stated " that the additional term, to which each should be sub= jected, ought to be so long only as would pay one-half the costs and fees." The question was one the legislature had made no express provision for, and we announced the rule as the best we could do under the circumstances. We are not disposed to disturb it, but will enforce it in all cases which present the question in the form then before us.

As we have said, the judgment by which the prisoners were pronounced guilty is not before us. In the application for *mandamus* it is not shown that the costs were divided or ap= portioned among the defendants. On the contrary, the aver= ment is, that the clerk himself took the aggregate of the costs and divided the sum equally between the four defendants; thus producing a sum against each, less than one hundred and fifty dollars. The inference from the averments of the petition, or relation, is, that the presiding judge did not ap= portion the costs among the defendants, but that he adjudged that each defendant was held for the whole costs. If he so decided, we are not able to perceive, even if the question was before us, that in so doing he committed any error. As we have said, all the defendants are jointly and severally liable for the common costs of a joint prosecution, which ends in their conviction ; and a judgment so pronounced constitutes the "costs of the case," within the meaning of the statute we are interpreting. *Dent v. State*, 42 Ala. 514.

It is not our intention to decide that in all cases of joint prosecution, all the costs must be adjudged against those found guilty. Testimony might be produced which could affect only a part of the defendants, and would be useful only in excul= pation of a part of those on trial. In such case, costs incurred in the successful defense of one or more defendants, should not be taxed against those on whose guilt or innocence it could shed no light. And we may add, no double collection must be made, nor must the judgment be so rendered as to produce a double collection. A money judgment, however, one or more, rendered jointly against all the defendants, or severally against each, for the whole costs, leads to no such result.

Full payment of one such judgment satisfies all, and on mo-
tion, satisfaction will be ordered of record.

The relation fails to show a case for relief, and must be
quashed at the costs of the relator, incurred in the court
below and in this court.

Reversed and rendered.