137  91
137  96

# Townsend v. The State.

### Indictment for Gaming.

1. *Charge of court to jury; effect of evidence and reasonable doubt.*—In the trial of a criminal case, although there is no conflict in the evidence as to the guilt of the defendant, a charge which instructs the jury that "If they believe the evidence they must find the defendant guilty," is erroneous in not requiring the belief of the evidence to the exclusion of all reasonable doubt.—(*Jones v. State*, 96 Ala. 56, announcing a contrary principle, overruled).
2. *Indictment for gaming; variance between allegations and proof.* Where the complaint or indictment upon which a defendant is tried charges that the defendant and nine other named persons played at a game with cards or dice, or some device or substitute for cards or dice, in a highway or some other public place, the defendant can not be convicted upon evidence which showed that two of the persons named in the complaint or indictment did not play in the same game with the defendant, but played in another game at the same place and the same time; the variance between the allegations of the complaint or indictment and the proof being fatal.

APPEAL from the County Court of Macon.

Tried before the Hon. M. B. ABERCROMBIE.

The facts of the case are sufficiently stated in the opinion.

WOOD & MARTIN, for appellant.—There was a fatal variance between the allegations of the complaint or affidavit upon which the defendant in this case was tried, and the proof, and for that reason the defendant was wrongfully convicted.—*McGehee v. State*, 58 Ala. 360; *Elliott v. State*, 26 Ala. 78.

MASSEY WILSON, Attorney-General, for the State. Where several are jointly indicted for the same offense if the proof shows that one of the defendants, or any number of the defendants less than the whole, are guilty, they may be convicted and the others acquitted. In this case the proof showed without conflict that the defendant, Silas Townsend, was guilty as charged. It was of no benefit to him that the proof did not go further and show that the other defendants who were jointly charged with him were also guilty.—*Ward v. State*, 22 Ala. 16; 1 Bishop on Crim. Pro. (3d ed.), §§ 465, 472; 10 Encyc. Pl. & Pr. 554 and notes; *Shelbyville, etc. Co. v. Commonwealth*, 9 Ky. Law Rep. 244; *Boies v. State*, 2 McMul. (S. C.) 252; *Brown v. State*, 13 Tenn. (5 Yerg.) 367; *State v. Clayton*, 11 Rich. Law (S. C.) 581.

TYSON, J.—It is true there is no conflict in the evidence as to the guilt of the defendant, but the credibility of the witnesses was matter for determination by the jury. It was, therefore, error for the court at the written request of the solicitor to instruct the jury that if they believe the evidence, that they must find the defendant guilty. This instruction required his conviction though the jury may not have believed the evidence *beyond a reasonable doubt*.—*Jackson v. The State*, 106 Ala. 12; *Carr v. The State*, 104 Ala. 4; *Shields v. The State, Ib.* 35; *Harris v. The State*, 100 Ala. 129; *Pierson v. The State*, 99 Ala. 148; *Heath v. The State, Ib.* 179. A charge in exactly the same language as this one was held proper in *Jones v. The State*, 96 Ala. 56. But the court in considering it evidently overlooked the infirmity we have pointed out and which, in the later decisions cited above, was held to render it bad and the giving of it to be reversible error.

The affidavit upon which this defendant was tried and convicted charged that he and nine other persons therein named played at a game with cards or dice or some device or substitute for cards or dice in a highway or some other public place.

The evidence undisputedly showed that two of the persons named did not play in the same game with this

[Streater v. The State.]

defendant, but played in another game at the same place and at the same time. This fact clearly brings the case within the principle that was allowed to control in *Elliott v. The State,* 26 Ala. 78, and *McGhee v. The State,* 58 Ala. 360. See also *Johnson v. The State,* 44 Ala. 414; *Cox v. The State,* 76 Ala. 66; *Lindsey v. The State,* 48 Ala. 169.

This defendant and those playing in the game with him should have been proceeded against separate and apart from the others who played in a different game, or the prosecution should have been against each separately.

Reversed and remanded.