(79 South. 151)

JONES et al. v. STATE. (4 Div. 585.)

(Court of Appeals of Alabama. June 29, 1918.)

1. INDICTMENT AND INFORMATION ⬅159(1)— NOLLE PROSEQUI AS AMENDMENT.

Nolle prosequi as to three of six defendants, without the consent of the other three, did not operate as a material amendment of the indictment for an offense committed by defendants severally and punishable separately.

2. CRIMINAL LAW ⬅877 — CODEFENDANTS — CONVICTION OF ONE.

Offenses against the liquor laws by more than one defendant, though perpetrated by one act, are separate offenses, and punished separately, all participants in a crime being severally liable, as if each had done the whole alone, so that one may be convicted and another or others acquitted.

3. CRIMINAL LAW ⬅303—NOLLE PROSEQUI AS DISCONTINUANCE.

In a case where defendants are severally liable, nolle prosequi as to one is not a discontinuance as to the others jointly indicted.

4. CRIMINAL LAW ⬅303—DISCONTINUANCE— WAIVER.

If there was a discontinuance by a nolle prosequi as to three defendants, the other defendants, by proceeding with trial without objection, waived the point.

5. CRIMINAL LAW ⬅983—JUDGMENT—SEVERAL DEFENDANTS.

In a prosecution of three defendants for manufacturing liquor contrary to law, judgment of guilty must be several against each defendant.

6. COSTS ⬅292—CRIMINAL CASES—LIABILITY OF EACH DEFENDANT.

Each defendant, in a prosecution of several, is liable for all the costs, though but one payment can be enforced.

7. COSTS ⬅316 — CRIMINAL CASES — JUDGMENT.

If defendants, convicted of a violation of the liquor laws, had been sentenced for costs, the sentence would have been apportioned; but, being confessed and secured, it is proper to render separate judgments for the entire costs against each defendant.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Earnest Jones and others were convicted of manufacturing spirituous, vinous, or malt liquors, and they appeal. Affirmed in part, and reversed and remanded in part.

The defendants were indicted in the same indictment with three others on a charge of manufacturing spirituous, vinous, or malt liquors contrary to law. On the trial, as shown by the judgment, there was a nol. pros. entered as to the three others, and without objection the defendants interposed a plea of not guilty. There was verdict and judgment of conviction, and from the judgment these defendants appeal. There is no bill of exceptions, and the appeal is on the record.

J. A. Carnley, of Elba, for appellants. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. The judgment entry alone recites the nol. pros. as to Riley Wise, Homer Wise, and John Wise, who were jointly indicted with these defendants, and then proceeds to recite the verdict of the jury convicting these defendants, and the judgment rendered thereon, as follows:

"Defendants Earnest Jones, Joe Williams, and Monroe Terry being in open court, and to the indictment as read to the jury the defendants each plead not guilty; thereupon came a jury of good and lawful men, to wit, ——, foreman, and eleven others, who upon their oaths do

say: 'We, the jury, find defendants guilty and assess a fine of $50.00 each.' It is therefore considered, ordered, and adjudged by the court that the defendants are guilty as charged, and that the state of Alabama, for the use of Coffee county, have and recover of the defendants the said sum of $150.00 (being $50.00 each), together with the cost of this cause, for which let execution issue. The defendants not paying the fine and costs, there came G. W. Boles and T. D. Wise, who together with the defendants confess for the fine and cost, waiving their rights of exemptions as to personal property. Sentence suspended pending appeal; bond fixed at $300.00."

[1-4] The first contention of appellants is that the nol. pros. as to the three other defendants, without the consent of these defendants, operated as a material amendment of the indictment. This contention is not tenable. Offenses of this kind, though perpetrated by one act, are separate offenses and punished separately. Segars v. State, 88 Ala. 144, 7 South. 46. The cases of Elliott v. State, 26 Ala. 78, and McGehee v. State, 58 Ala. 360, are distinguished in the case of Segars v. State, supra. The rule is that all participants in a crime are severally liable as if each had done the whole alone (2 Bishop, Cr. Pr. § 463), and one may be convicted and the other acquitted (Segars v. State, supra; Crawford v. State, 112 Ala. 1-24, 21 South. 214; White's Case, 12 Ala. App. 162, 68 South. 521). Hence, in a case where the defendants are severally liable, a nol. pros. as to one defendant is not a discontinuance as to the others jointly indicted. The rule would be different in those cases where the crime was necessarily joint, such as conspiracy, card playing, riots, and the like, and in cases similar to Johnson's Case, 44 Ala. 414, McGehee's Case, 58 Ala. 360, and Lindsey's Case, 48 Ala. 169. The nol. pros. as to the three other defendants in no way relieved the state of any burden as to these defendants, nor did it increase the burden of their defense. Of course, if it had been necessary to have connected the other defendants with the crime, in order to convict the defendant, a different question would be presented; but it was not. White v. State, supra. But, even if in this case there was a discontinuance, the defendant without objection proceeded with the trial, and such action on his part was a waiver. Ex parte Hall, 47 Ala. 675; Hall v. State, 51 Ala. 9; Clanton v. State, 96 Ala. 111, 11 South. 299.

[5-7] But the judgment as rendered on the verdict is error. The judgment must be several against each defendant. McLeod v. State, 35 Ala. 395. Each defendant, however, is liable for all the costs, though but one payment can be enforced. Dawson v. Sayre, 80 Ala. 444, 2 South. 479; Coleman's Case, 55 Ala. 173. If the defendants had been sentenced for the costs, it would have been apportioned; but, being confessed and secured, it is proper to render judgment for the entire costs against each defendant. The judgments should have been separate; that is, against Joe Williams and his surety for $50 and costs, against Monroe Terry and his surety for $50 and costs, and against Earnest Jones and his surety for $50 and costs.

The judgment of conviction is affirmed, judgment of confession for fine and costs is reversed, and the cause is remanded, with direction that separate confession be taken for fine and costs, or, in default thereof, that proper sentence be entered, enforcing the judgment of the court. McLeod's Case, supra.

Affirmed in part, and reversed and remanded in part.