## COCO et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1923.)

No. 5839.

Criminal law ⬅877—Under joint indictment, conviction of different defendants of distinct and separate offenses improper.

Under joint indictment, conviction of different defendants of distinct and separate offenses is improper.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Sebastiano Coco, alias Sam Coco, and others, were convicted of an offense, and bring error. Reversed and new trial granted.

Willis H. Clark, P. H. Cullen, and Abbott, Fauntleroy, Cullen & Edwards, all of St. Louis, Mo., for plaintiffs in error.

Vance J. Higgs, Sp. Asst. Atty. Gen., for the United States.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. Plaintiffs in error, who will be hereafter referred to as defendants, in November, 1919, were residing on Wilson avenue in the city of St. Louis. Defendants Puglisi, Grasso, and Coco lived at No. 5033, and Cantigli at No. 5035.

The defendants were jointly indicted under sections 3258 and 3282 of the Revised Statutes (Comp. St. §§ 5994, 6022). The indictment contains five counts. The first and second are identical in language, and charge that on or about the 8th day of November, A. D. 1919, at No. 5035 Wilson avenue, in the city of St. Louis, etc., the defendants "unlawfully and feloniously did have in their possession a certain still set up, without having registered the same with the collector of internal revenue," etc. The third count is in identical language except No. 5033 is alleged, instead of No. 5035. The fourth count charged that on or about the 8th day of November, A. D. 1919, at No. 5033 Wilson avenue, in the city of St. Louis, etc., the defendants "unlawfully and feloniously did make a certain mash, consisting of thirteen barrels, more or less, of dried raisins and water, and which said mash was then and there fit for distillation and production of spirits to wit, brandy," etc. The fifth count is the same as the fourth count, except No. 5035 is alleged, instead of No. 5033, and nine barrels instead of thirteen barrels.

At the opening of the trial defendants Puglisi and Grasso moved the court for a severance, alleging in substance that the evidence to be produced by the government would wholly fail to connect them with the offenses alleged in the first, second, and fifth counts of the indictment. The motion was overruled by the trial court, although the facts set up in the motion and affidavit were not in any way denied by the government. At the conclusion of the trial the defendant Cantigli was acquitted by direction of the court upon counts 2, 3, and 4, and convicted upon counts 1 and 5. The defendants Puglisi, Grasso

and Coco were convicted upon counts 3 and 4, and acquitted by direction of the court upon counts 1, 2, and 5.

There was no evidence in the record connecting or tending to connect any one of the defendants, Puglisi, Grasso, and Coco, residing at No. 5033, with the offenses alleged in the indictment to have been committed at No. 5035, and there was no evidence in the record connecting or tending to connect the defendant Cantigli, residing at No. 5035, with the offenses alleged in the indictment to have been committed at No. 5033. The outcome of the trial was that, upon a joint indictment, the defendant Cantigli was convicted of distinct and separate offenses committed at No. 5035, and the defendants Puglisi, Grasso, and Coco were convicted of distinct and separate offenses committed at No. 5033.

Counsel for defendants contend that the refusal of the trial court to grant separate trials to the two groups of defendants was such an abuse of discretion as to require the reversal of the judgment, and cite cases appropriate to and supporting their contention. Counsel for the government reply with counter arguments and opposing authorities. There is apparent upon the face of the record another question of more importance to be considered and disposed of. That question is: What disposition should be made of a case where, under a joint indictment, different defendants have been convicted of distinct and separate offenses *

In Stephens & Everett v. State, 14 Ohio, 386, the defendants were jointly indicted for selling liquor without a license. The appellate court said:

"If the proof only showed that they had separately engaged in distinct acts, it by no means supported the indictment, and the verdict was wholly without proof to sustain it."

In Elliott v. State, 26 Ala. 78, the court said:

"We are therefore clear in the opinion that an indictment would be fatally defective, if upon its face it charged several defendants for several offenses committed by them independently of each other, some of which were committed by some of the defendants at one time, and some of which were committed by others of the defendants at a different time. Where these facts do not appear upon the face of the indictment, but do appear on the trial from the evidence, the defendants are as much entitled to the benefit and protection of the rules of law above laid down, as if the indictment had fairly stated the facts. * * * However unobjectionable, on its face, an indictment may be, a conviction under it cannot lawfully result from proof of the identical facts which would, if distinctly stated in it, vitiate the indictment, and enable the defendants, even after conviction, to arrest or reverse any judgment rendered on it against them."

In Lindsey v. State, 48 Ala. 169, defendants were indicted for playing cards in violation of the statute. The evidence showed part of the defendants were playing cards at one table, and that the other defendant played at another table with other persons not indicted, and that the two games were separate and distinct and had no connection with each other. The appellate court said:

"The charge made in the indictment is a single offense. * * * There was but one act charged—but one playing. Yet the proof showed two acts—two playings. These were each the subject of an indictment; and the evidence which would establish the one act could not establish the other. It would necessarily be variant. * * * There should have been

two indictments, as there were two distinct offenses, in which the same persons did not participate."

In McGehee v. State, 58 Ala. 360, the court said:

" * * * If two offenders be charged in one indictment, which is faultless in form, and it be developed in the evidence that the two defendants committed their several offenses at different times or places—in other words, that they are not guilty of one and the same offense—the proof does not sustain the indictment. * * * In the present case, according to the recitals in the bill of exceptions, each defendant was equally guilty, but they did not participate in one and the same offense. This was not shown until the evidence was given to the jury. At that stage of the trial, each defendant was placed in legal jeopardy, and was entitled to have a verdict of the jury on the question of his guilt, in the absence of some statutory or legal ground, authorizing a nolle prosequi, or other withdrawal from the jury, that a1. .her indictment might be preferred, or continuance granted. * * * The defendants, having been placed in jeopardy, and being entitled to a verdict of acquittal on the proof made, * * * cannot be again tried for the same offense."

In State v. Daubert, 42 Mo. 242, Henry and Louisa Daubert were jointly indicted in an indictment containing two counts—the first count charging the defendants jointly with larceny of certain goods, and the second count charging them jointly with receiving the same goods knowing them to be stolen. Defendants were jointly put on trial, and after all the testimony was in the prosecuting attorney nolled as to Henry on the first count and as to Louisa on the second count. Defendants then moved to quash the indictment, but the motion was overruled. When the case was submitted to the jury, they failed to agree on a verdict as to Louisa, but found Henry guilty. The court said:

"The action of the circuit attorney, in entering of record a nolle prosequi against Louisa on the second count, and Henry on the first count, changed the whole scope, tenor, and meaning of the indictment. It then, in effect, amounted to an indictment charging two several offenses against distinct defendants, who had no necessary connection with each other. * * * We think the indictment should have been quashed, or that motion in arrest of judgment should have been sustained."

In Brimie v. United States, 200 Fed. 726, 119 C. C. A. 170, the two defendants were indicted and tried for a violation of the Oleomargarine Act. A joint verdict of guilty was returned on all the counts, although there was no evidence at all to show that the defendants jointly committed the offenses set forth in the indictment with the exception of the offenses mentioned in the first two counts. After discussion of the question now under consideration, the court reversed the judgment with directions to the court below to grant a new trial upon all the counts except the first and second.

In the opinion in United States v. Dietrich (C. C.) 126 Fed. 664, will be found an interesting discussion by Judge (now Justice) Van Devanter on the questions discussed in the above cited cases.

In McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, four indictments were consolidated. Referring to section 1024 of the Revised Statutes (Comp. St. § 1690), which authorizes in certain cases the joinder of several offenses in one indictment, and the consolidation of two or more indictments for trial, the court said:

"The order of consolidation under this statute put all the counts contained in the four indictments in the same category as if they were separate counts of one indictment, and we are met on the threshold with the inquiry whether counts against five defendants can be coupled with a count against part of them or offenses charged to have been committed by all at one time can be joined with another and distinct offense committed by part of them at a different time. * * * The several charges in the four indictments were not against the same persons, nor were they for the same act or transaction, nor for two or more acts or transactions connected together, and in our opinion they were not for two or more acts or transactions of the same class of crimes or offenses which might be properly joined, because they were substantive offenses, separate and distinct, complete in themselves, and independent of each other, committed at different times, and not provable by the same evidence. * * *

"It is clear that the statute does not authorize the consolidation of indictments in such a way that some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried. And even if the defendants are the same in all the indictments consolidated, we do not think the statute authorizes the joinder of distinct felonies, not provable by the same evidence and in no sense resulting from the same series of acts. * * * While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained, where the parties are not the same, and where the offenses are in no wise parts of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions. The order of consolidation was not authorized by statute and did not rest in mere discretion."

In the McElroy Case the court consolidated for trial the separate offenses charged in the four indictments; in the instant case the grand jury consolidated or joined the separate offenses in one indictment. In the McElroy Case the error of the court could be corrected by setting aside the order of consolidation; in the instant case the error of the grand jury is irremediable.

In view of the conclusion reached, it becomes unnecessary to consider the other errors assigned by the defendants.

The judgment is reversed, and the court below directed to grant the defendants a new trial.