(117 So. 283)

## HORN v. STATE. (4 Div. 309.)

Court of Appeals of Alabama.   Jan. 17, 1928.

Rehearing Denied May 8, 1928.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.   ■ The indictment charged this appellant with the offense of murder in the first degree. By operation of

460

Powell & Hamilton, of Greenville, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J. The prosecution was begun by affidavit and warrant returnable to the county court. The affidavit charged that the defendant and Ben Head unlawfully presented a pistol at affiant. On trial in the county court the defendants were convicted, and jointly they appealed to the circuit court. In the circuit court a severance was granted and the state elected to place this defendant on trial. Complaint of the solicitor was filed as required by section 3843 of the Code of 1923 in which this defendant alone was charged with having presented the pistol. Motion was made to strike the complaint upon the ground that it was a departure from the affidavit upon which it was based. A complaint filed by a solicitor under the above statute is analogous to an information at common law. Tatum v. State, 66 Ala. 465.

A defendant has a constitutional right to demand the nature and cause of the accusation against him, and this complaint of the solicitor is the method provided by the Legislature to meet this demand. Its function is to inform the defendant with what he is charged and is the accusation he is called to defend. Nonetheless, this complaint must have for its basis a valid foundation and must rest upon a charge supported by affida-

vit as required by law. Miles v. State, 94 Ala. 106, 11 So. 403.

If, therefore, there is a variance between the original affidavit and the complaint as filed, the trial of defendant should not be allowed to proceed. The charge in this case as made by the affidavit was perfectly valid and charged a joint offense against this defendant and Ben Head. The affidavit was the basis of the prosecution and the complaint should have followed the charge there made. But, although jointly charged, the defendants were liable severally. 2 Bish. Cr. Pr. par. 463. Therefore when severance is granted and the defendant is alone on trial, he cannot be injured in his rights by being presented with a complaint charging him alone with the offense and which does not change the crime set out in the affidavit.

The defendant and Head are charged jointly with having presented a pistol at McSwean, the affiant. The evidence without dispute discloses that defendant actually pointed the pistol, but under the facts Head may have been equally guilty, if the jury should believe beyond a reasonable doubt that he was present and aiding and abetting defendant in doing what it is shown he did. In other words, the crime charged may or may not be committed by one person according to the facts surrounding each case. True, in this case the evidence discloses two offenses, but that is incidental; the charge was for presenting a pistol at McSwean, and the evidence was admissible as tending to prove that both defendants were guilty of that offense. Jones v. State, 16 Ala. App. 477, 79 So. 151. The cases of Elliott v. State, 26 Ala. 78; McGehee v. State, 58 Ala. 360; Thomas v. State, 111 Ala. 51, 20 So. 617; Townsend v. State, 137 Ala. 91, 34 So. 382; and Brasher v. State (Ala. App.) 112 So. 535[1]—are easily distinguishable from the case at bar. In those cases two separate and distinct offenses were proved so that the jury could not say of which the defendant should be convicted. In this case there is only one offense charged, and all of the evidence is offered for the purpose of connecting both defendants with that offense.

Whether McSwean, the prosecutor here, was pressing other prosecutions against the same parties or that those prosecutions had been dismissed by the solicitor was immaterial to the issue.

It was not necessary to a conviction of this defendant that the codefendant Head should also have been guilty, nor that both defendant and Head pointed the pistol. Under the evidence in this case defendant might be guilty and Head be acquitted or convicted, depending upon whether Head was found to have aided and abetted defendant in the perpetration of the crime charged.

It follows from what has been said that charge 2 was properly refused. If the conviction had been of Head, who is guilty, if at all, of aiding and abetting, the arguments in brief would have been applicable, but not here. Segars v. State, 88 Ala. 144, 7 So. 46; Crawford v. State, 112 Ala. 1–24, 21 So. 214; White v. State, 12 Ala. App. 162, 68 So. 521.

We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

BRICKEN, P. J. I am of the opinion that the process upon which this appellant was finally tried and convicted was a clear departure from the original complaint upon which this prosecution was first instituted. The record discloses that the prosecution was begun by affidavit of one W. P. McSwean, Jr., before J. N. Pollard, justice of the peace, which charged this defendant and another, one Ben Head, with the joint commission of the offense complained of. The warrant was made returnable to the county court, and from a judgment of conviction in the county court an appeal was taken to the circuit court. In the circuit court the solicitor filed a complaint, charging this appellant *alone* with the commission of the offense, and over defendant's seasonable objections, made by motion to quash, by demurrer to the complaint, and by objection to being put to trial on the complaint filed by the solicitor, the defendant was put to trial. Having originally charged a joint commission of an offense, the solicitor was without authority to change said charge, by charging this defendant alone with the offense complained of. On appeal to the circuit court, the cause was to be tried de novo, and the accused was not called upon, or could he be expected to answer any offense, other than that originally charged, and as to which, from a judgment of conviction thereon, he appealed. It could not be assumed that the accused could be prepared to meet or to defend any accusation or charge other than the one originally preferred. The manifest departure complained of most certainly lessened the burden originally assumed by the state and should not have been allowed. On the original charge, before the state was entitled to a conviction, it was necessary to prove that both appellant and his codefendant, Head, pointed the pistol at the prosecutor. In the charge as contained in the complaint, no burden rested upon the state to prove that any person other than appellant pointed the pistol at the prosecutor. This being true, the charge contained in the original prosecution was different from the charge contained in the complaint, and the charge in the complaint was a complete departure from the original affidavit. I regard the insistences of the appellant as being tenable, and fully sustained by numerous authorities. Brasher y. State (Ala.

---

[1] Ante, p. 79.

App.) 112 So. 535[1]; Elliott v. State, 26 Ala. 78; McGehee v. State, 58 Ala. 360; Thomas v. State, 111 Ala. 51, 20 So. 617; Townsend v. State, 137 Ala. 91, 34 So. 382.

When two or more defendants are jointly charged, they may be tried, either jointly or separately, as either may elect. A severance, however, operates only as a separate trial; it cannot be taken as a means of changing the character of the original charge, as was done in this case.

I am of the opinion that the application for rehearing should be granted, and that the affirmance should be set aside; also that the judgment of conviction be reversed, and a judgment here rendered, discharging this appellant from further custody in this proceeding.

