# CASES

IN THE

# SUPREME COURT OF ALABAMA.

### NOVEMBER TERM, 1893.

## Jackson *et al.* v. The State.

*Indictment for an Assault with Intent to Murder.*

1. *Joint indictment; right to joint trial.*—When two or more persons are jointly indicted, and all are not in the custody of the court, it is within the discretion of the court to proceed to the trial of such as are in custody; there being no inherent right in either of the defendants to demand a joint trial with all of his co-defendants.

2. *Change of venue; opinions of affiants not sufficient*—Where, on an application for a change of *venue*, the affidavits filed in support thereof contain the mere expression of the opinion of the parties making them, without stating any distinct, tangible facts upon which such opinions are based, the application is properly overruled, since the mere belief of the party applying for a change of *venue*, or of the witnesses he introduces, that a fair and impartial trial can not be had in the county in which the indictment is found, is insufficient; facts and circumstances rendering such a trial improbable must appear.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. JAMES T. JONES.

The appellants, Oliver Jackson and Hilliard Jackson, were indicted jointly with Reuben Moore for an assault with intent to murder one Sam Weil. The defendants moved for a change of *venue*, averring in said motion, that having been convicted of an assault with intent to murder one Moog, which offense was committed at the same time of the assault upon Weil, the indictment for which was then pending, the people of the county at large were very much prejudiced against the defendants; that there had been repeated threats of lynching them, and they could not get a fair and just trial in Baldwin

county, the county of their residence, and the county wherein the offense for which they were indicted was committed. The attorney for the defendants, in support of said motion, filed an affidavit, in which he stated that the clerk of the court, who was, at the time also the editor of a newspaper published in said county, had been open in stating that he believed the defendants guilty, and was active in their prosecution; that the prejudice of the people against his clients justified him, the affiant, in "expressing the opinion, that said Oliver and Hilliard Jackson can not have a fair and impartial trial in Baldwin county of the offense of which they have been charged." There was also filed, in support of this motion for a change of *venue*, a paper signed by 25 citizens of the county, of which the following is a copy : "We, the undersigned citizens of Baldwin county, Alabama, on our oath do say, that from repeated expressions of public indignation in said county, by citizens thereof, towards Oliver Jackson and Hilliard Jackson, concerning the offenses of which they now stand indicted, in said county, we do not believe that they, or either of them, could have a fair and impartial trial in said county." The State, by its solicitor, denied each and every allegation contained in the application of the defendants for a change of *venue*, and thereupon presented to the court the affidavits of "about thirty or thirty-five citizens of Baldwin county, who stated on oath that in their best judgment the defendants, Oliver Jackson and Hilliard Jackson, could have a fair and just trial in Baldwin county." The court refused the motion for a change of venue, and the defendants duly excepted. Upon being ordered to trial, they objected to being forced to trial in the absence of their co-defendant, Reuben Moore, who was jointly indicted with them for the offense for which they were about to go to trial, and who was, at the time, in the custody of the State, serving out a term in the penitentiary. This objection of the defendants was overruled, to which ruling of the court the defendants separately excepted.

These two rulings constitute the only questions presented on this appeal, prosecuted by the defendants in the court below from a judgment of guilt rendered by said court.

JOHN R. and C. W. TOMPKINS, for appellants.

WM. L. MARTIN, Attorney-General, for the State.

BRICKELL, C. J.—The motion or application of the appellants for a joint trial with their co-defendant Moore, who was not in the custody of the court, but was confined in the penitentiary, in its real essence, whatever form it was made to assume, was an application for a continuance, and could very properly now be disposed of as such, without further remark, than that the grant or refusal of a continuance rests in the irrevisable discretion of the primary court.   But it seems to have been supposed, that there is an inherent right in a defendant jointly indicted with others, to demand a joint trial, and to compel the State to award it.   We have not been furnished with any argument, or any authority in support of the proposition.

At common law, when several were indicted jointly for the commission of a criminal offense, it was matter of discretion in the court whether they should be tried jointly or separately, and the exercise of the discretion was not revisable on error.—*Hawkins v. State*, 9 Ala. 137; *Thompson v. State*, 25 Ala. 41; *Wade v. State*, 40 Ala. 74; *Parmer v. State*, 41 Ala. 416.   Most usually, in practice, an application for a separate trial proceeded from a defendant, but such trial could be ordered on the application of the State.—1 Bish. Cr. Pr., § 1018. Whether the trial should be joint or several, rested largely in the election of the State, and, without cogent reasons, the courts were reluctant to interfere with or control the election.— *U. S. v. Marchant*, 12 Wheat. 480; *U. S. v. Wilson*, 1 Baldwin, (Cir. Ct.) 85.   The statute, (Cr. Code, § 4451), now confers on a defendant the unqualified right to elect a separate trial.   But the statute is incapable of any just construction which would confer upon him the right to elect a joint trial.   The purpose was to confer the right to a separate trial if it was elected, leaving the court to determine, if the election was not made, whether the trial should be joint or several.—*People v. Stockham*, 1 Parker's Cr. Rep. 424. When two or more are jointly indicted, and all are not in custody, it is in the discretion of the court to proceed to the trial of such as are in custody, and whether they be con-

victed or acquitted, the other, when apprehended, may be put upon trial.—1 Arch. Cr. Pr. & Pl. (Pomeroy's Ed.), 303. The circuit court did not err in proceeding to the trial of the appellants who were in custody, in the absence of the defendant who was confined in the penitentiary.

We have carefully examined the affidavits which were submitted in support of the application for a change of *venue*. A change of *venue* is granted only when it is clearly shown that a fair and impartial trial may not be had in the county in which the indictment is found.— Cr. Code, § 4485. Facts and circumstances rendering such a trial improbable must appear. The mere belief of the party applying, or of the witnesses he is enabled to produce, that such trial can not be had, will not suffice. 1 Bish. Cr. Pr., § 71; *Salm v. State*, 89 Ala. 56. The affidavits consist largely in the mere expression of the opinion of the parties making them, and no distinct, tangible facts are stated, which, in our opinion, would have justified the circuit court in granting the application.

The judgment is affirmed.