[Wilkins v. The State.]

# Wilkins v. The State.

## Indictment for Murder.

1. *Joint indictment; right to joint trial.*—When two or more persons are jointly indicted, there is no inherent right in either of the defendants to demand a joint trial with all of his co-defendants, and if there is no demand for a separate trial, as providud by statute (Crim. Code of 1896, § 4451), whether the trial shall be joint or several rests within the sound discretion of the court; the statute conferring no right on the defendant to demand that the trial shall be joint.

2. *Organization of special venire; when properly quashed by court.* When, in the exercise of its discretion, the court determines and declares of record that fifty persons shalls be drawn and added to the panel of petit jurors organized for the week, as a special venire for the trial of a capital case, if, after the drawing and before the service of the venire upon the defendants, it is discovered that a number of the names drawn under such order were those of persons who were serving as grand jurors for the term, and of other persons who were of the organized panel of petit jurors for the week, the venire is not formed or constituted as the court ordered, and the proceedings being *in fieri*, it is the duty of the court to correct the error, and it is, therefore, proper for the court, on motion of the solicitor, to quash the venire and proceed to draw another from the jury box.

3. *Organization of jury; when illegal act of commissioner does not vitiate the drawing of special venire.*—The duty imposed upon jury commissioners to destroy the pieces of paper upon which are written the names of persons drawn to serve as jurors during the year, is a public duty; and after the jury commissioners have drawn the grand and petit juries for the year, and prepared lists, the fact that, instead of destroying the slips containing the names of those drawn, as required by law, they returned them to the jury box, does not, of itself, vitiate the subsequent drawing of a special venire from the jury box; and though the action was illegal, neither a litigant in a civil case nor the defendant in a criminal case can complain of it, unless he is thereby deprived of his legal rights, or suffers some special injury.

4. *Same; error for the court to put back in the box the names of jurors drawn for special venire.*—After the drawing by the court of a special venire of jurors from the jury box, to be added to the regular panel of jurors for the week for the trial of a capital case, it is error for the court to replace in the jury box the names of the jurors so drawn; and upon the venire so drawn being quashed, a second venire, drawn from the box thus supplied by the action of the court, should be

quashed upon a motion properly made; there being no authority given by the statute to restore to the box the names of the jurors once drawn for service, and provisions being made for completing a special venire from qualified citizens of the county to be summoned by the sheriff when the names in the box are exhausted.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant, Sam Wilkins, was indicted and tried for the murder of one Chambliss, "by hanging him with a rope," was convicted of murder in the first degree, and sentenced to the penitentiary for life.

Sam Wilkins was jointly indicted with several others for the murder of Chambliss, and upon the cause being called for trial, the solicitor moved that there be a severance as to Sam Wilkins and two others, and that they be tried separately from the other defendants. The defendants objected to this, and moved that they all be tried jointly. The court overruled this motion, and granted the motion for severance, and to this ruling the defendant duly excepted.

The rulings of the trial court which are reviewed at length in the opinion on this appeal, arose on the motions of the defendant to quash the venire. The facts in reference to these motions are sufficiently stated in the opinion. The other rulings of the court to which exceptions were reserved, were upon questions so repeatedly adjudged that it is unnecessary to set out the facts in reference thereto.

CHARLES L. BROMBERG, Jr., and SAMUEL B. BROWNE, for appellant.—Under the provisions of section 4451 of the Code, the defendants were entitled to demand that they be tried jointly—*Yarbrough v. State*, 105 Ala. 43; *Woodley v. State*, 103 Ala. 23.

Each of the motions of the defendant to quash the venire should have been granted.—12 Amer. & Eng. Encyc. of Law, 323, 328.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—Whether defendants jointly indicted are entitled as matter of right to demand a joint trial, is not now an open question in this court. The

[Wilkins v. The State.]

statute, (Cr. Code of 1886, § 4451), confers on such defendants, the unqualified right to elect and demand separate trials; but it is incapable of any just construction, conferring the right to demand that the trial be joint. If a separate trial is not demanded, it rests, as at common law, in the sound discretion of the court, whether the trial will be joint or several.—*Jackson v. State*, 104 Ala. 1; *Wright v. State*, 108 Ala. 60.

The offense charged in the indictment, on conviction, could be punished capitally. The statute required the court to set a day for the trial of the case, and the formation of a special venire from which the jury for the trial were to be selected. The primary, indispensable constituent of the venire, was the panel of petit jurors organized for the week, the day set for trial being a subsequent day of the same week. The remaining constituent was a list of jurors to be drawn by the court from the jury box of the county. The number drawn could not exceed fifty, nor could it be less than twenty-five—within this limitation, the number rested in the discretion of the court. The court fixed the number at fifty, and proceeded in accordance with the statute to draw from the jury box. After the drawing, and before the service of the venire on the defendants, it was discovered that there had been drawn from the jury box, the names of six persons who were serving as grand jurors for the term; of seven persons who were of the organized panel of petit jurors for the week; and of one person, who had been drawn and summoned as a petit juror for the week, had appeared, and been excused from service by the court. These facts being made to appear, on motion of the solicitor, the court quashed the venire, and proceeded to draw again from the jury box, until the box was exhausted, a list to be added to the panel of petit jurors.

In this, there was no error; the proceedings were *in fieri*, under the control of the court, and with its order there had not been compliance, literal or substantial. When, in the exercise of its discretion, the court determined and declared of record, that fifty persons should be drawn and added to the panel of petit jurors organized for the week, that number became an essential, indispensable constituent of the venire, from which the jury for the trial were to be selected. As essential

[Wilkins v. The State.]

and indispensable, as the panel of the petit jurors organized for the week ; the two, the statute intends, shall constitute the venire in its entirety. If by any error or inadvertence, a less number is drawn, the order of the court is not satisfied ; and so long as the proceedings are *in fieri*, the power of the court to correct the error cannot be doubted. There can be no proper distinction taken between the drawing the less number by error, and a drawing which results in adding to the organized panel of petit jurors, as a constituent of the venire, less than the number of fifty persons. In either event, the venire is not formed or constituted, as the court has ordered ; and having the power, it is the duty of the court to correct the error. In *Durby v. State*, 92 Ala. 9, the court had made the identical order made in this case, and it was decided, that it was good cause for quashing the venire, that one of the persons drawn from the jury box, was one of the petit jurors organized for the week. Without considering specially, in this connection, whether the venire would have been invalid, because it contained the names of the persons drawn, who were serving as grand jurors for the term, the presence of the names of the petit jurors would have vitiated it; and it was the duty of the court to avoid its issue and service on the defendants. So long as proceedings are *in fieri*, under the control of the court, it is a duty to correct errors which may have intervened, and which if persisted in, will render them incapable of operation. When the venire has issued, and there has been service on the defendant, errors of name, or that it may contain the names of persons incompetent as jurors, and other like errors, inadvertent and unintentional, are disregarded. They are disregarded, because all such names may be discarded, and their places supplied by the drawing and summoning of a like number of persons competent as jurors, avoiding a reduction of the number to be added to the petit jurors organized for the week.

When the commissioners had drawn from the jury box the grand and petit jurors to serve for the terms of the circuit court to be held during the year 1896, having prepared the lists to be delivered to the clerk of the court, and the corresponding lists to be deposited in the box, the statute required them to destroy every piece of paper on which was written the name of a person so drawn.

There is a purpose, plainly manifested by the statute, to avoid publicity of the names of the persons who are to constitute the juries, grand and petit, for any term of the court, until the clerk, at the time appointed, breaks the seals of the envelopes, the commissioners have directed to and deposited with him, and issues the venire for the summoning of the jurors. The oath of the commissioner binds him to a faithful discharge of his duties, and particularizes that he will keep secret his own and the counsel of his associates, and will not "disclose the name of any person drawn as a juror, until the venire shall have issued for such person." It is in furtherance of this manifest purpose, the duty to destroy every piece of paper on which was written the name of any person drawn as a juror, was imposed on the commissioners. The privacy or secrecy, it was intended to secure, is for the safety and protection of the public, and the preservation of the impartiality and integrity of juries. There is no explanation of the presence in the jury box of the slips or pieces of paper on which was written the names of the jurors, grand and petit, drawn for the term by the commissioners. If they were the slips the commissioners drew from the box, it may have been from some neglect or inadvertence of the commissioners, or it may have been wanton disregard of the duty to destroy them. The duty to destroy them was a public duty, imposed in furtherance of a public policy the statute plainly indicates. Neglect in its performance, or a willful disregard of if by the commissioners, may be a misdemeanor, indictable and punishable under the 14th section of the statute. But individuals, though they may be suitors in civil cases, or defendants in criminal cases pending in the court, cannot complain of the non-performance of the duty, unless it is made apparent some special injury may have resulted to them. The principle is of very general application, that violations of public official duty are not the just cause of complaint by the citizen in the courts, unless he suffers some special or peculiar injury.—Mechem Public Officers, §§ 596, *et seq*.

The statute, it is true, so far as it prescribes the powers and duties of the commissioners, and the time and manner of exercising and performing them, has been construed as mandatory; and a strict compliance with its requirements, has been deemed essential to support

[Wilkins v. The State.]

the regularity and validity of their action.—*Murphy v. State,* 86 Ala. 45 ; *Wells v. State,* 94 Ala. 1 ; *Johnson v. State,* 102 Ala. 1 ; *Steele v. State,* 111 Ala. 32. The cases in which this construction has been given the statute and enforced show, when carefully analyzed, that the irregular action of the commissioners operated a deprivation or infringement of some individual right the statute intended to secure. Without entering on a review of them, *Wells v. State, supra,* may be taken as an illustration. There is no difference or distinciion in the qualifications of jurors, grand and petit. All that is required of either is, that they shall be male residents of the county, above the age of twenty-one and under the age of sixty years, householders or freeholders of honesty, impartiality and intelligence sufficient to discharge the duties. But the mandate of the statute is, that the commissioners shall draw them separately, first, drawing not less than fifteen nor more than twenty-one persons to serve as grand jurors ; and next, drawing the requisite number of persons to serve as petit jurors. This order of drawing, in the *Well's Case,* was not observed by the commissioners. As is said in the opinion : "They drew a sufficient number of names to serve in both capacities of grand and petit jurors, and then from the whole number selected a list to serve as a grand jury, leaving the residue to perform the petit jury service." It is obvious, juries thus constituted are not the result of the drawing from the jury box by the commissioners, but of their selection for some reason or unreason of their own after drawing. The power of selection, of distinguishing between the jurors drawn, assigning the one to the capacity of a grand juror, and the other to the capacity of a petit juror, the statute does not confer ; it is left to the chances of the drawing from the jury box, the manner of which is prescribed with so much of care. When the jury box was filled, the commissioners had the power, and were charged with the duty of selection, not the power to select grand and petit jurors, distinguishing the one from the other, but the power and duty to select from the freeholders and householders of the county, of the requisite age, only such as in their opinion were "fit to discharge the duties of grand and petit jurors with honesty, impartiality and intelligence." The result of the erroneous action of the commissioners, was,

[Wilkins v. The State.]

that the petit juries, an indispensable · constituent of the special venire for the trial of a capital case, were of the selection, not of the drawing, of the commissioners. They were not the constituent, to which as a matter of right the defendant in such case was entitled, and of consequence it was held, the trial court erred in refusing to quash the special venire. There was a clear deprivation of the right of the defendant, and it will be found upon an examination of the other authorities, that there was deprivation or infringement of individual right.

The non-performance by the commissioners of the duty of destroying these slips or pieces of paper, if it be assumed that they were the slips or pieces they had drawn from the jury box, worked no injury, and could not work injury to the defendants. Finding them in the jury box, in the process of forming the special venire, and it being made to appear that the persons they represented, had been drawn by the commissioners as jurors, grand or petit, for the term, the judge properly discarded them. It is from the names, properly, rightfully, legally in the jury box, the statute contemplates, so long as the box is not exhausted, the jurors forming part of the special venire shall be drawn. Until the box had been exhausted and filled again by the commissioners, there is no process known to the statute, by which these names could get again into the box. For all legal purposes, these slips were no more than blank or waste paper, and it is not material whether the judge merely cast them aside or destroyed them. No right of the defendants was affected; there was no event in which they could claim that the persons whose names these slips represented, should form part of the special venire.

As we gather from the bill of exceptions, when the first special venire was drawn, the jury box contained in the aggregate but forty-nine names. In the interval between the drawing and the quashing of that venire, a venire of thirty-five persons for the trial of another capital case was drawn. Whether the venire so drawn contained the names of any of the grand or petit jurors drawn for the term by the commissioners is not shown. But it is shown that after the drawing of the venire which was quashed, and after the drawing of the venire for the trial of the other case, in each instance, the judge

restored to the jury box the names of the jurors so drawn; and that it was from the box thus supplied by the action of the judge, the special venire for the trial of the defendants was formed in part.

We are of opinion this action of the court was erroneous; and that the motion of defendants to quash the special venire on this ground should have been sustained. Taking the statute in its general scope, it seems manifest, that where the name of a juror is once drawn from the jury box, restoration of it is not contemplated. It may be that the commissioners, or that the judge of the circuit or the city court, in the course of drawing jurors from the box, may by inadvertence or mistake draw a name, and that there may be restoration of it. But when the jurors are legally and intentionally drawn, whether by the commissioners, or the judge, it is not contemplated there shall be restoration of their names to the jury box to be drawn indefinitely. The power to restore is not conferred by the statute, either on the judge, or on the commissioners; and there is no room or reason for its implication; without it, all the purposes of the statute may be satisfied. In express terms, the statute provides that in the event the jury box becomes exhausted in the drawing a special jury for the trial of a capital case, "the court shall direct the sheriff to summon from the qualified citizens of the county, the specified number of jurors necessary to complete said venire, and to proceed with said trial." The number to be summoned is specified in the preceding section ten. This is the power the court ought to have exercised.

It is not necessary to prolong this opinion by a discussion of the other rulings of the court to which exceptions were reserved. These rulings are free from error, and depend upon well known and settled principles.

For the error pointed out, the judgment is reversed and the cause remanded; the defendant will remain in custody until discharged by due course of law.

Reversed and remanded