(128 So. 122)

GRIMES et al. v. STATE.

4 Div. 600.

Court of Appeals of Alabama.

April 22, 1930.

state by selling, or having in possession illegally, prohibited liquor.

We see no fault in the indictment, and think the demurrers thereto properly overruled. Code 1923, §§ 4621, 4556, Form 101.

The indictment charging appellants jointly with the commission of a crime, it was necessary, before a conviction of either might be sustained, that the evidence be of a nature which tended to show the commission, by each of them, of one and the same offense. McGehee v. State, 58 Ala. 360. Or, as perhaps stated more appropriately by Mr. Justice Stone, in the opinion in the said McGehee Case: " * * * If two offenders be charged in one indictment, which is faultless in form, and it be developed in the evidence that the two defendants committed their several offenses at different times or places—in other words, that they are not guilty of one and the same offense—the proof does not sustain the indictment. Only those persons who participate in the same offense should be joined in one indictment."

The holding in the said McGehee Case has never, so far as we are advised, been departed from by our Supreme Court. Clearly, the opinion for the majority of this court, written by Judge Samford, which was reviewed by the Supreme Court, and undisturbed, in the case of Horn v. State, 22 Ala. App. 459, 117 So. 283; Id., 217 Ala. 677, 117 So. 286, did not have such an effect.

It appears that in this case the conviction of appellants seeks to rest upon evidence of separate and distinct offenses committed by them severally, at separate and distinct times. And it cannot do so. Perhaps it *might* be contended that there was at least *some* evidence tending to show a participation by each appellant in the first offense described in the testimony as having been committed by Annie Grimes. But we apprehend that *if* that contention were urged, as a reason for upholding the judgments of conviction, an unescapable answer would be that the judgments would have to be reversed because of the later admission, over proper objection, of evidence of other, and distinct, offenses, etc. At any rate, the judgments must be and are reversed, and the cases remanded.

Reversed and remanded.

J. C. Fleming, of Elba, and J. C. Yarbrough, of Enterprise, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellants were jointly indicted, jointly tried, and each convicted, for and of the offense of violating the criminal law of this