86 So.2d 842

### Burrel Jackson ELLIS

v.

### STATE.

8 Div. 560.

Court of Appeals of Alabama.

Oct. 11, 1955.

Rehearing Denied Jan. 10, 1956.

1. Ante, p. 322.

J. O. Sentell, Jr., Montgomery, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was convicted in the lower court under an indictment charging the transportation of illegal whiskey in quantities of five gallons or more.

The prime disputed factual issue revolves around the identity of the accused.

Without conflict in the evidence two highway patrolmen, in the nighttime, chased a truck for some distance down the road and after considerable difficulty were able to finally stop the speeding vehicle. Two men jumped out when the truck came to rest, and escaped in the darkness. One hundred twenty-five gallons of "moonshine" whiskey were found in the truck.

Before the trial in the circuit court one of the officers had died, and only the other one, Mr. Sardis, testified in the case concerning these facts. He stated that the defendant was driving the truck and was one of the two men who escaped.

The appellant admitted ownership of the truck, but testified that it was taken without his knowledge or consent from its parking place near his home.

Willie Waldrop, a witness for the defendant, testified that on the night in question at about 2:45 A. M. two men came to his home on foot and asked the witness to drive them to Decatur, a distance of about five miles. Waldrop had never before seen either party, but he complied with their request. He stated that in his judgment neither of the parties was the defendant.

It appears that subsequent to this incident and prior to the time of trial below, Waldrop became acquainted with the appellant.

The day after the seizure of the whiskey, but before Waldrop became acquainted with the defendant, the officers, including the highway patrolman who died before

trial, interviewed Waldrop and discussed the description of the two men who came to his home in the early morning hours.

The evidence established that the deceased patrolman gave the descriptions to Waldrop. However, other officers present, apparently did not hear it or remember it. Waldrop testified that the two men were described to him by the officer, but he did not then recall what was said.

With this factual foundation Waldrop was asked the following question on cross-examination:

"I'll ask you if in that conversation, which was the only one, if you didn't tell the Sheriff of this county that the description that the Highway Patrol had given you of these 2 men they were looking for, fit the description of the 2 men you hauled that morning."

Defense counsel objected in this manner.

"Mr. Pettus: We object.

"The Court: Objection overruled.

"Mr. Pettus: We except.

"A. I don't recall telling him that.

"Q. Would you say you did or didn't tell him that? A. I wouldn't say either way.

"Mr. Pettus: We object further, unless it is limited solely to the impeachment of this witness.

"The Court: Go ahead.

"Q. You wouldn't say whether you did or didn't?

"Mr. Pettus: We except.

"A. I wouldn't say."

The Sheriff was recalled to the witness stand and the following question was propounded to him:

"I'll ask you if during this conversation he made this statement to you, in substance, after you discussed these people with him, the parties who were in that car, and if he told you in substance that from the description he had received, or that the State Highway Patrol officers gave him, that the description seemed to answer the description of the individuals he hauled in his car."

The objection was:

"Mr. Pettus: We object.

"The Court: On what grounds? Is there anything special,—the form of the question, and so forth?

"Mr. Pettus: It's hearsay; there is no evidence what description had been given to this witness.

"Mr. Johnson: That isn't the crux of it.

"Mr. Pettus: It is hearsay.

"The Court: Objection overruled.

"Mr. Pettus: We except.

"The Court: You're referring to the witness who testified this morning?

"Mr. Johnson: Yes, sir, I laid the predicate this morning, Mr. Waldrop.

"Mr. Pettus: I was following up my objection where I objected generally, and then we objected on the grounds it wasn't limited. We except.

"A. Yes, sir, he did."

Appellant's attorney insists in brief that these rulings are contrary to the rule that in order to impeach a witness by showing prior inconsistent statements out of court, the statement must be contradictory to the testimony of the witness on the trial. This, of course, is the rule.

We have fully set out the objection to each question to illustrate our view that the materiality of the impeaching evidence to the issues in the case is not presented for our review.

In Moulton v. State, 19 Ala.App. 446, 98 So. 709, 713, it was said:

"Under circuit court rule 33 [now Title 7, p. 1034, Code 1940] requiring specific grounds of objection to testimony, the appellate court will not review the admission of evidence not manifestly illegal and irrelevant, and incapable of being rendered admissible in connection with other evidence." See also Ala.Dig., Crim.Law ⇐1043(2) for innumerable decisions.

The question propounded to the witness Waldrop did not call for evidence

patently and palpably inadmissible for any purpose, or "incapable of being rendered admissible in connection with other evidence", and the general objection was not sufficient.

 Clearly, the question propounded to the sheriff did not call for hearsay evidence, and such ground did not raise the objection now insisted upon by appellant, that the alleged former statement was not inconsistent with any statement made by Waldrop on the trial.

"It is a familiar rule that the assigning of a specific ground of objection to evidence is a waiver of all other grounds, and, if the objection assigned is not apt, the court will not be put in error for overruling it, although the evidence may be subject to other objections. McDaniel v. State, 97 Ala. 14, 12 So. 241." Harwell v. State, 12 Ala.App. 265, 68 So. 500, 503.

Over objection, the court allowed the State to prove that there was another person traveling in the truck with the defendant and that both escaped. This was a part of the res gestae. Traffenstedt v. State, 34 Ala.App. 273, 38 So.2d 619.

The record discloses the following:

"Mr. Pettus interposed an objection to Mr. Johnson's statement as follows: 'He will go to the penitentiary, so Tom says. I don't know about that; but it may be that Judge Powell will put him on probation.'

"The Court: In view of the argument of defense counsel, I'll overrule the objection, and consider this an answer to the argument.

"Mr. Pettus: We except, but such a general statement by you leaves me at a loss in the record.

"The Court: State what it is you refer to.

"Mr. Pettus: I argued that if convicted he would go to the penitentiary from one to 5 years, and then Mr. Johnson argued about probation.

"The Court: I consider that argument as an answer to the argument by defense counsel."

The courts have been very liberal in allowing replies to arguments of like kind. We have here a statement to the jury by counsel that, if convicted, the defendant would be sent to the penitentiary. That, of course, precluded probation possibilities. In view of this situation, we think the solicitor had the right to call to the attention of the jury the fact that probationary rights are available and the statement of counsel was not correct in its entirety. The following authorities lend some weight to our view. Gills v. State, 35 Ala.App. 119, 45 So.2d 44; Shewbart v. State, 33 Ala.App. 195, 32 So.2d 241, certiorari denied 249 Ala. 572, 32 So.2d 244; Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

The judgment below is ordered affirmed.

Affirmed.

On Rehearing.

Opinion corrected.

Application overruled.