110 So.2d 340

### Willard SMITH
#### v.
#### STATE.
#### 8 Div. 351.

Court of Appeals of Alabama.

March 24, 1959.

Pounders & Wilson, Florence, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was indicted for and convicted of the offense of burglary in the second degree. Sec. 86, Title 14, Code 1940.

The tendencies of the evidence are concisely set out in appellant's brief, as follows:

"Statement of the Facts

"The State's evidence tends to show that the appellant broke into a garage owned by one Henry Capehart on July 4, 1957, about 2:00 o'clock P.M. Said garage was located on the Cloverdale Road in the northern part of Lauderdale County, Alabama. The State's evidence further tends to show that the appellant destroyed or damaged some of the property located in the garage and took the keys out of an automobile found in the garage.

"The evidence introduced on behalf of the appellant tended to show that his automobile ran out of gas in front of Mr. Capehart's garage on the afternoon in question. His evidence further tended to show that he was drinking heavily and was asleep on the back seat of the automobile during the time it was parked in front of said garage."

The evidence presented questions for the determination of the jury, and was sufficient to sustain the judgment of conviction. The general affirmative charge was refused without error. The motion for a new trial was also properly overruled.

During the Solicitor's argument to the jury the record shows the following:

"Defendant objects and moves to exclude the statement of the solicitor that 'If you convict him and the judge don't think it is justified he can put him on probation' because it is illegal argument.

"By the Court: Mr. Potts, you are making an argument in answer to the argument of the attorney for the defendant that if they convict him, he goes to the penitentiary?

"By Mr. Potts: Yes Sir.

"Objection and motion overruled. Defendant excepts.

"Defendant moves for a mistrial because of those illegal and prejudicial remarks of the solicitor.

"By the Court: I think the Supreme Court has ruled in the last twelve months that when the defendant argues if he is convicted he will go to the penitentiary, the state might argue that he could be put on probation. Defendant excepts.

"By the Court: Gentlemen, I would like for the record to show—I believe Mr. Wilson in his opening argument did refer twice to the defendant going to the penitentiary if convicted.

"By Mr. Wilson: I referred to them sending him off; I don't know whether I used the word penitentiary or not.

"By Mr. Almon: Yes, he said the penitentiary because I told Mr. Potts to answer it."

The record further shows that the jury retired at 3:43 P.M. and after deliberating until 5:05 P.M. returned to the courtroom and in response to the court's inquiry as to whether they had agreed upon a verdict, said: "No, we just want to know if we would be allowed to recommend probation for him?"

The court said: "Gentlemen of the jury, I am sorry but I cannot comment on that. The case is before you just to decide whether the defendant is guilty or not guilty and after you get through with the case, I will be glad to talk to you but it can be no part of the charge."

The jury retired and after about twenty minutes returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment. Recommend probation."

In Ellis v. State, 38 Ala.App. 379, 86 So.2d 842, we held the solicitor had the right to call to the attention of the jury the fact that probationary rights are available when the argument was a reply to the argument of defense counsel that, if convicted, defendant would be sent to the penitentiary.

In brief it is argued: "Appellant contends that the action of the court and jury as set out above viewed in it's context and in light of what had transpired, and in light of preceding argument of defense counsel and State's attorney, in light of all incidents of the trial, was highly prejudicial to rights of appellant and error for which said verdict should be reversed", citing Washington v. State, 259 Ala. 104, 65 So.2d 704.

We think the remarks of the trial judge were made for the purpose of showing that the solicitor's argument was a reply in kind to statements of defense counsel and to clarify the record in this respect. We find no error on the part of the court or jury. Ellis v. State, supra, and cases cited.

Charges refused to defendant which were correct principles of law were fairly and substantially covered by the court's oral charge and charges given at defendant's request.

No reversible error appearing in the record, the judgment of conviction is affirmed.

Affirmed.