A jury found appellant-defendant guilty of robbery and fixed his punishment at imprisonment for twenty years. He was sentenced accordingly.
Notwithstanding the fact that no question is raised on appeal as to the sufficiency of the evidence to support the verdict, we deem it appropriate to comment thereon briefly.
Appellant was definitely and positively identified by Guy B. Hannum and Jody Bonds as the man who came into Chanelo's Pizza in Auburn, Alabama, on the evening of January 14, 1977, pulled a ski mask down over his face with his left hand and with his right hand presented a revolver at Hannum and told him to open the cash register. According to their testimony, Mr. Hannum opened the cash register and another man who was with defendant at the time "came around and put his left hand on the register and took the money." During all of the time that the other man was taking the money, defendant held the pistol pointed at Hannum. Then defendant took some of the money and he and his companion went out the door with the money and left the scene. Mr. Hannum promptly notified the police, and defendant and his companion were apprehended together about a week later.
Hannum and Bonds were the only witnesses who testified as eyewitnesses to the robbery. Defendant did not take the stand, but his girl friend testified in his behalf to the effect that he was with her from the early part of the evening of January 14 until about 2:00 A.M. of January 15, 1977, which period included more than two hours immediately preceding the time of the robbery and more than two hours immediately following the time of the robbery. She said that they spent most of this time at a night club, that defendant was constantly with her all of the time other than when he was "going backwards and forwards to the bathroom" and on one occasion when he was playing pool for not more than half an hour.
Appellant's only insistence on error is directed at what occurred during the closing argument to the jury of counsel for the State, as follows:
 "MR. MYERS' CLOSING ARGUMENT: — I'm going to tell you this, and I don't *Page 1180 
really need to, it doesn't make much difference what sentence you place on this individual; it ain't going to be long `til he's going to be right back out —
 "MR. TIPTON: Objection, Your Honor. That's an unfair and prejudicial statement made by the District Attorney as to how long it's going to be before anyone gets out of prison.
"MR. MYERS: I didn't say that.
 "THE COURT: Well, ladies and gentlemen of the jury, you're only to consider the evidence in this case and the arguments of both attorneys is just what they submit that the evidence shows. You don't consider that, their arguments, as evidence. You only consider the evidence in the case and that I'll tell you about later."
As the record shows, there was some difference of opinion between trial counsel as to what counsel for the prosecution said. We must take the record as it is and not put words into the mouth of either counsel. If the argument of counsel for the prosecution was to the effect that whatever punishment the jury fixed would be reduced, the argument was highly improper, as the authorities in Alabama, including those hereafter cited, have uniformly held.
A jury should perform its duty both as to the question of guilt and as to the extent of punishment, if within the province of the jury, irrespective of what someone else, including the trial court, appellate courts and all probation, parole and pardoning authorities might do in the future. That is not a matter for the jury to consider. A rule permitting any agency in the administration and execution of justice to knowingly attempt to ease its conscience or evade its responsibility in the assumption that another agency will rectify its failure to perform its separate responsibility would lead inevitably to subversion, irrespective of the good intentions that might at times prompt such action.
In Lee v. State, 265 Ala. 623, 629, 93 So.2d 757, 763 (1957), it was said:
 "There is no question but that the argument of the solicitor to the effect that a man sentenced to the penitentiary will at some time become eligible for pardon or parole was improper. . . ."
The rationale of the principle stated has often been applied in cases in which the prosecution was arguing for the death penalty instead of life imprisonment and in cases in which the state was inveighing against the probable or possible result of a verdict of not guilty by reason of insanity. Eaton v. State,278 Ala. 224, 177 So.2d 444 (1965) contains references to a number of such cases. In Eaton the argument was in part as follows:
 "`A man like this, if he was to get off with life imprisonment, he would be out and around or kill some convict there in the penitentiary.'"
The court held:
 "The above excerpts show clearly that the argument of the solicitor in this case was highly improper. The trial court, by overruling the objections of defense counsel to the argument, indicated its approval of the statement as being correct. Burch v. State, 32 Ala. App. 529, 29 So.2d 422; McCray v. State, 261 Ala. 275, 74 So.2d 491.
 "The only inference to be drawn from the solicitor's argument in the present case that, `A man like this, if he was to get off with life imprisonment, he would be out and around' — would be that the accused would either escape the penitentiary, or be paroled. Neither event was for the consideration of the jury.
 "The remaining portion of the statement, `or kill some convict there in the penitentiary,' was improper as a statement of a fact not in the record, and further was not susceptible of proof. The probable inflammatory and prejudicial effect of such an argument cannot be denied."
We find no justification for the argument to which the objection was made in *Page 1181 
the instant case. As we view it, the court should have unequivocally sustained defendant's objection to the argument.
Notwithstanding our view as stated, we are convinced that the court did not commit error prejudicial to defendant. The record shows that defendant's objection was made before counsel for the State completed the sentence containing the objectionable matter. The objection included the words "of prison," which the record does not show had been said by State's counsel. When State's counsel stated, "I didn't say that," an issue was apparently presented to the trial court as to what was said. Under these circumstances, the court should not be put in error for composing the controversy apparently to the satisfaction of both parties, instead of expressly sustaining defendant's objection to the argument and definitely charging the jury to disregard it. If the instruction given to the jury was not satisfactory, to defendant, he could and should have invoked further action and more definite expunction of the offending argument.
Argument in the nature of that under consideration is not so inflammatory and prejudicial that its harmful quality cannot be eradicated. Lee v. State, supra; Cole v. State, Ala.Cr.App.,337 So.2d 40, 46 cert. denied, Ala., 337 So.2d 47 (1976).
We find no error in the record prejudicial to defendant, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.