Darryl Lewis Davis was convicted by a jury of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975, and was sentenced to 25 years' imprisonment. The evidence showed that the appellant and a woman entered a convenience mart/gas station shortly before midnight. They made a purchase and left. According to the cashier, the appellant returned alone, around 4:30 a.m., and robbed her. The defense was alibi.
 I
The appellant contends that the court erred to reversal in overruling objections to several statements made during the state's closing argument, which he urges were illegal and prejudicial.
It is, of course, the duty of every prosecutor to represent the interests of the state zealously, vigorously, and earnestly. His "responsibility [as] a public prosecutor differs from that of the usual advocate; [his] duty is not merely to convict, but also to protect the innocent." EC7-13, Alabama Code of Professional Responsibility. "The prosecuting attorney owes a duty to exercise his full powers in furtherance of society's valid and strong interest in enforcement of criminal laws, not only in seeing that the guilty are punished but that criminal acts by others are discouraged by example of such punishment." Sprinkle v. State, 368 So.2d 554, 561 (Ala.Cr.App. 1978), writ quashed, 368 So.2d 565 (Ala. 1979).
The prosecutor's responsibility is eloquently explained in the following passage:
 "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
 "It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none."
Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633,79 L.Ed. 1314 (1935).
 "There is no doubt that, in the heat of argument, counsel do occasionally make remarks that are not justified by the testimony, and which are, or may be, prejudicial to the accused. . . . If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."
Dunlop v. United States, 165 U.S. 486, 498, 17 S.Ct. 375, 879,41 L.Ed. 799 (1897).
On the other hand, "[w]e must not lose sight of the fact that a trial is a legal battle, a combat in a sense, and not a parlor social affair." Arant v. State, 232 Ala. 275, 280,167 So. 540, 544 (1936).
When do a prosecutor's words and conduct compel a reversal? The United States Supreme Court's answer is that a reversal is necessary if the remark "so infected the trial with unfairness as to make the resulting conviction a denial of due process."Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868,1871, 40 L.Ed.2d 431 (1974). The constitutional principle involved in questions of prosecutorial misconduct is due process of law. *Page 854 
 "The courts have fairly well delineated the basic outlines of a few forms of prosecutorial misconduct. For the most part, these types of misconduct involve efforts to influence the jury through various sorts of inadmissible evidence. Thus a prosecutor may not comment on the failure of the defendant to testify; he may not assert facts which have not been presented in evidence; he may not express his personal belief in the defendant's guilt; he may not, at least in non-capital cases, discuss the possibility of pardon or parole; nor may he argue that erroneous convictions can always be reversed on appeal. When it comes to what are commonly the most disruptive forms of prosecutorial misbehavior, however — abuse and insult, inflammatory argument, and appeals to prejudice — specific judicial standards are usually lacking."
Alschuler, Courtroom Misconduct by Prosecutors and TrialJudges, 50 Tex.L.Rev. 629, 633-34 (1972).
The kinds of misconduct listed in the foregoing quoted paragraph are all prohibited in Alabama. See, e.g., Griffin v.California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965);Sullivan v. State, 66 Ala. 48 (1880); White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373,46 L.Ed.2d 288 (1975); Eaton v. State, 278 Ala. 224,177 So.2d 444 (1965); Murray v. State, 359 So.2d 1178 (Ala.Cr.App. 1978), respectively. Within this framework, we here measure the claims of prosecutorial abuse in closing argument against the principles set out above.
 A
The following occurred:
 "[Prosecutor]: Let the Judge do the sentencing. Like I've told you before, you don't do that. Do you know what the shame of it is, he says you're sending this man off for the rest of his life, and I say this man could get probation for this offense.
 "[Defense]: Judge, I object to that. That is not the law. This man, if he's convicted, is not entitled to probation. He can't even ask for probation, and the prosecutor knows that.
 "[Prosecutor]: Judge, I'd like to clarify that if I could.
"THE COURT: Go ahead.
"[Prosecutor]: I knew that would get him upset."
Counsel may state the law to the jury subject to the guidance and control of the trial court. Cross v. State, 68 Ala. 476
(1881). "Thus it is the right of counsel under the guidance of the court to discuss the rules of law applicable to different phases of the testimony. The right to be heard must be harmonized with the principle that the trial judge instructs as to the law of the case." Van Antwerp v. State, 358 So.2d 782,788, (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978). The common practice is that the attorneys tell the jury what they expect the court will charge them as to the law. It is the duty of the court to instruct the jury on the law, and, of course, "it is the duty of the jury to follow instructions as to the law." Cabaniss v. City of Tuscaloosa, 20 Ala. App. 543,104 So. 46, 47 (1925).
In Alabama the attorneys are forbidden to talk to the jury about probation and parole. "There is no question but that the argument of the solicitor to the effect that a man sentenced to the penitentiary will at some time become eligible for pardon or parole [is] improper." Lee v. State, 265 Ala. 623,93 So.2d 757, 763 (1957). See also, Eaton v. State, supra; Grady v.State, 391 So.2d 1095 (Ala.Cr.App. 1980). "A jury should perform its duty . . . as to the question of guilt . . . irrespective of what someone else, including the trial court, appellate courts and all probation, parole and pardoning authorities might do in the future." Murray v. State, supra, at 1180. The rule is different if the subject has been injected into the case by the other party.
Replies in kind are generally permissible. Pittman v. State,153 Ala. 1, *Page 855 45 So. 245 (1907); Bates v. State, 468 So.2d 207 (Ala.Cr.App. 1985). Allowing replies in kind rests within the discretion of the trial court, McCullough v. State, 357 So.2d 397
(Ala.Cr.App. 1978), and wide latitude is usually given regarding replies in kind. Richardson v. State, 354 So.2d 1193
(Ala.Cr.App. 1978); Evans v. State, 338 So.2d 1033 (Ala.Cr.App. 1976); Lane v. State, 46 Ala. App. 637, 247 So.2d 679 (1971);Moody v. State, 40 Ala. App. 373, 113 So.2d 787 (1959); Windhamv. State, 35 Ala. App. 547, 50 So.2d 288 (1950); Gills v. State,35 Ala. App. 119, 45 So.2d 44, cert. denied, 253 Ala. 283,45 So.2d 51 (1950); York v. State, 34 Ala. App. 188, 39 So.2d 694
(1948), cert. denied, 252 Ala. 158, 34 So.2d 697 (1949); Walkerv. State, 33 Ala. App. 614, 36 So.2d 117 (1948). "When the door is opened by defense counsel's argument, it swings wide, and a number of areas barred to prosecutorial comment will suddenly be subject to reply. What otherwise would have been improper argument by the prosecutor will be seen as harmless." DeFoor,Prosecutorial Misconduct in Closing Argument, 7 Nova L.J. 443, 469-70 (1982-83).
Sentencing is one of the areas barred from comment during closing arguments to the jury, for the jury is supposed to be concerned solely with the determination of guilt.
 "It is true that argument by a District Attorney to a jury that a defendant convicted and sentenced to the penitentiary may be eligible for pardon or parole is improper and has been held to be reversible error. Eaton v. State, 278 Ala. 224, 177 So.2d 444 and Lee v. State, 265 Ala. 623, 93 So.2d 757. However, it is further held if that argument is in reply to argument by the defense that the defendant, if convicted, will be sentenced to the penitentiary, the rule above referred to does not apply and the district attorney is within his rights in making his reply to a subject first introduced in argument from the defendant."
Matthews v. State, 54 Ala. App. 359, 308 So.2d 718, 721-22
(1975). If the defense counsel opens the door during closing argument regarding the range of possible sentences, the prosecutor may say during his final argument that there is a possibility of probation, if, in fact, that is true. Williamsv. State, 461 So.2d 834 (Ala.Cr.App. 1983), rev'd on other grounds, 461 So.2d 852 (Ala. 1984); Henderson v. State,460 So.2d 331 (Ala.Cr.App. 1984); Boggan v. State, 455 So.2d 228
(Ala.Cr.App. 1984); Miller v. State, 431 So.2d 586 (Ala.Cr.App. 1983); Grady v. State, 391 So.2d 1095 (Ala.Cr.App. 1980); Smithv. State, 40 Ala. App. 208, 110 So.2d 340 (1959); Lee v. State,supra; Ellis v. State, 38 Ala. App. 379, 86 So.2d 842 (1955), cert. dismissed, 264 Ala. 695, 86 So.2d 846 (1956).
The "reply in kind" rule does not, however, always render the error harmless. "[T]he issue is not the prosecutor's license to make otherwise improper arguments, but whether the prosecutor's `invited response,' taken in context, unfairly prejudiced the defendant." United States v. Young, 470 U.S. 1, 12,105 S.Ct. 1038, 1045, 84 L.Ed.2d 1, 10-11 (1985). The reply-in-kind exception is not a fail-safe, prophylactic protection from reversal on appeal. When the prosecutor's comments exceed the bounds of being a reply in kind, they are not justified. Jettonv. State, 435 So.2d 167 (Ala.Cr.App. 1983).
Trial counsel must not misstate the law when addressing the jury. Bland v. State, 395 So.2d 164 (Ala.Cr.App. 1981); Wade v.State, 381 So.2d 1057 (Ala.Cr.App.), cert. denied,381 So.2d 1062 (Ala. 1980); House v. State, 36 Ala. App. 550,61 So.2d 457, cert. denied, 258 Ala. 196, 61 So.2d 458 (1952). The prosecutor retorted to the "sending this man off for the rest of his life" argument by defense counsel with "I say this man could get probation for this offense." The range of possible sentence for first degree robbery, a class A felony, is "for life or not more than 99 years or less than 10 years." §13A-5-6 (a)(1), Code of Alabama 1975. When a firearm is used, or attempted to be used, in the commission of a class A felony, the minimum possible sentence is twenty years, § 13A-5-6
(a)(4), *Page 856 
Code of Alabama 1975. Probation cannot be given in such a case.
 "Circuit courts . . . may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 10 years."
§ 15-22-50, Code of Alabama 1975. The prosecutor's statement of the law as to probation was not true. The law precluded the possibility of probation in this case.
When the defense objected, the prosecutor requested permission "to clarify that if I could." The trial court implicitly denied the objection when the judge answered, "Go ahead." The prosecutor did not clarify, but only said, in the presence of the jury, "I knew that would get him upset." The court, "by overruling the objections of defense counsel to the argument, indicated its approval of the statement as being correct." Eaton v. State, supra, 278 Ala. at 227,177 So.2d at 447. The objection was due to be sustained and the jury should have been instructed to disregard the statement. Lee v. State,supra. They were left with a false impression. We should not for a moment think that juries are indifferent to the practical consequences of their verdicts.
 B
The appellant also alleges the court erred in the following:
 "[Prosecutor]: The key questions for you to ask — We don't know about all these people. Where is the lady that he rented the room from to come down here and testify about it?
 "[Defense]: Judge, that is not proper. He had the same subpoena power I did. He could have brought that woman in here.
 "[Prosecutor]: I realize this is hurting him, but I would like to be able to argue this, if I could.
 "[Defense]: Judge, he knows this is improper to say that we could have brought a witness in that he had the equal right to bring in. He knows that's improper argument.
"THE COURT: Are you making an objection?
"[Defense]: Yes, sir, I'm objecting.
"THE COURT: Overruled. Go ahead."
The witness referred to was the proprietor of appellant's place of residence at the time of the robbery.
The general rule is that "one party may not comment unfavorably on the other party's failure to produce a witness supposedly unfavorable to that party if the witness is equally available to both sides." Hunt v. State, 453 So.2d 1083, 1087
(Ala.Cr.App. 1984). See also C. Gamble, McElroy's AlabamaEvidence § 191.01 (1) (3d ed. 1977). Miller v. State,431 So.2d 586 (Ala.Cr.App. 1983); Ball v. State, 409 So.2d 868
(Ala.Cr.App. 1979), writ quashed, 409 So.2d 876 (Ala. 1980). "Availability" is determined first by testing the other party's superior knowledge of the existence and identity of the absent witness; second, by the question of whether the relationship between the absent witness and the other party would reasonably be expected to bias the witness's testimony toward the other party. Hunt v. State, supra; McMorris v. State, 394 So.2d 392
(Ala.Cr.App. 1980), cert. denied, 394 So.2d 404 (Ala.), cert. denied, 452 U.S. 972, 101 S.Ct. 3127, 69 L.Ed.2d 983 (1981);Henry v. State, 355 So.2d 411 (Ala.Cr.App. 1978).
The evidence showed that the police questioned the absent witness shortly after the robbery, and there seems to have been no reason to believe that the witness was biased towards the appellant. The court also erred in overruling this objection.
 C
The last alleged error involves the following statement by the prosecutor:
 "If you find this man not guilty, you're saying three things to me. You're saying, *Page 857 
one, that Amanda Trammell is a liar. She's either a robber or thief or she doesn't know what she's talking about. Two, you're saying Steve Robertson is a liar because he testified that this man told him that he robbed that Tenneco station, and this man says he did not tell him that. Three, which really comes home, you're saying that I'm a liar."
At this point, defense counsel objected to that statement, and was overruled.
The prosecutor's statement was tantamount to stating his personal opinion or belief regarding the accused's guilt. It was also an argument which put the prosecutor's own credibility in issue. It is never proper for the prosecutor to state his belief in the guilt or innocence of the accused. Adams v.State, 280 Ala. 678, 198 So.2d 255 (1967). Similarly, the prosecutor must not argue his own credibility to the jury; that is a condemned practice, Waldrop v. State, 424 So.2d 1345
(Ala.Cr.App. 1982), and is unconscionable. This is just such "an insinuation, suggestion, or assetion of personal knowledge" as was addressed in Berger, supra. To tell the jury that they cannot find the accused not guilty without calling the district attorney a liar is a bullying tactic which will result in reversal. The court erred in overruling this objection.
 II
We find that the appellant's confession was properly admitted into evidence. We also find that the court did not err in admitting cumulative evidence of the telephone call of the victim to the police.
For the reasons stated, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.